Submitted on briefs July 15, conditionally affirmed September 29, affirmed October 6, 1925.

## JULIEN COBLENTZ v. A. JALOFF.

(239 Pac. 825.)

**Carriers—General Allegation of Negligence Sufficient.**

1. In action against a common carrier, a general allegation that injury was caused by negligence is sufficient without pleading specific facts constituting negligence.

**Carriers—Evidence Held to Show Prima Facie Case of Negligence Against Carrier.**

2. In action against a common carrier for negligent injury, evidence showing relation of passenger and carrier, manner in which accident happened, and injury makes a *prima facie* case for the plaintiff, and defendant's motions for nonsuit and directed verdict were properly denied.

**Carriers—Doctrine of Res Ipsa Loquitur Held to Apply in Negligent Injury by Bus Company.**

3. In an action against bus company for negligent injury, where uncontradicted evidence showed that driver lost control of bus on

1. See 5 R. C. L. 68.
2. See 5 R. C. L. 74.
3. See 5 R. C. L. 77.

downgrade, causing it to tip, and there was no contention that plaintiff was guilty of contributory negligence, the doctrine of *res ipsa loquitur* applies.

**Appeal and Error—Whether Defendant's Evidence Overcame Plaintiff's Prima Facie Case, for Jury, and not Reviewable on Appeal.**

4. In action against a bus company for negligent injury, it remained for jury to say whether defendant's evidence that bus was carefully inspected and every precaution taken for safety of passengers, overcame plaintiff's *prima facie* case, and its decision will not be reviewed on appeal.

**Trial—Instruction That Common Carrier must Exercise Highest Degree of Care That Human Ingenuity or Intelligence can Provide, not Reversible Error.**

5. Instruction that a common carrier must exercise highest degree of care that human ingenuity or intelligence is able to provide was not reversible where court elsewhere charged that defendant must exercise high degree of care.

**Negligence—Instruction on Presumption of Negligence and Burden of Proof Held Proper.**

6. Instruction that doctrine of *res ipsa loquitur* affords evidence that accident arose from want of care by defendant so as to raise a presumption of defendant's negligence and cast upon him burden of showing use of care was a correct statement of the law, where plaintiff has made out a *prima facie* case so as to raise presumption of negligence which defendant must overcome, though doctrine of *res ipsa loquitur* does not shift burden of proof to defendant.

**Trial—Intimation by Plaintiff That Defendant was Protected by Insurance Company not Error Where not Willful.**

7. In action against a bus company for negligent injury, injection by plaintiff into case that defendant was protected by insurance was not error where record does not show that plaintiff or his counsel were guilty of misconduct.

**Trial—Objection to Evidence of Damage Held Waived Where not Made Until After Instruction of Court.**

8. In action against a bus company for negligent injury, objection to evidence of damages of amount expended for medical aid, on

5. See 4 **R. C. L.** 1144.

6. Burden and sufficiency of proof in action by passenger against carrier for injury caused by negligence, see note in 62 **Am. Dec.** 679.

Burden of showing negligence as relieved by rule of *res ipsa loquitur,* see note in Ann. **Cas.** 1914D, 908.

7. Propriety of comment by counsel on fact defendant is insured, see note in **Ann. Cas.** 1914A, 951.

On relation of doctrine of *res ipsa loquitur* to burden of proof, see notes in 16 **L. R. A. (N. S.)** 527; **L. R. A.** 1916A, 930.

On rule *res ipsa loquitur* as affected by circumstances tending to negative negligence by defendant, see note in 22 **A. L. R.** 1471.

ground that there was no showing that it was reasonable value of services, is waived where not made until after instructions of court.

**Damages—Item of Damage, on Which There is No Evidence of Payment by Plaintiff, or of Reasonable Value, Erroneously Submitted to Jury.**

9. In action against bus company for negligent injuries, it was error to submit an item of damage on which there is no evidence that it was paid by plaintiff or that it was a reasonable charge.

(1) 10 **C. J.** 1002.   (2) 10 **C. J.** 1056.   (3) 10 **C. J.** 1029.·   (4) 4 **C. J.** 850; 10 **C. J.** 1069.   (5) 38 Cyc. 1786.   (6) 29 Cyc. 643, 644. (7) 38 Cyc. 1498.   (8) 38 Cyc. 1394.   (9) 17 **C. J.** 915, 916.

From Multnomah: GEORGE W. STAPLETON, Judge.

In Banc.

Plaintiff was injured while riding as a passenger for hire in an automobile stage owned and operated by defendant as a common carrier. In the complaint, in addition to the allegations concerning the relationship of passenger and carrier and the extent of the injuries, it is charged:

"That whilst plaintiff was such passenger on such motor vehicle bus, such bus was by and through the carelessness and negligence of the defendant overturned, and threw down plaintiff therein as a passenger as aforesaid, and by reason thereof plaintiff was greatly injured."

Defendant by answer admits that plaintiff at the time in question was a passenger for hire on one of his automobile busses which was being operated as a common carrier of passengers between Astoria and Seaside, but denies that he was negligent or that plaintiff was injured by reason thereof. The cause was submitted to a jury, and a verdict was returned in favor of plaintiff. Defendant appeals.

CONDITIONALLY AFFIRMED.

For appellant there was a brief over the name of *Messrs. Collier, Collier & Bernard.*

For respondent there was a brief over the names of *Mr. C. W. Robison* and *Messrs. G. C.* and *A. C. Fulton.*

BELT, J.—1. At the very threshold of the case defendant objected to the introduction of any testimony for the reason that the complaint failed to state a cause of action in that ·it did not allege specifically wherein defendant was negligent. We think the complaint is good, and the objection therefore untenable. In this class of cases it is, as stated in 3 Ency. Pl. & Pr. 848, "sufficient to state generally that the loss or injury was caused by defendant's negligence, without setting forth the facts constituting the negligence." In 5 R. C. L. 69, relative to necessary averments in actions against common carriers for personal injuries,· the rule is thus stated:

"It is the general rule that a complaint charging the defendant with an act injurious to the plaintiff, with a general allegation of negligence in the performance of such act, is sufficient, and it is unnecessary, after pleading the fact that the accident which caused the injury was due to the negligence and carelessness of the defendant, to go further and particularize or point out the specific facts going to establish the negligence relied upon"—citing numerous authorities.

Also see *Cederson* v. *Oregon Nav. Co.*, 38 Or. 343, (62 Pac. 637, 63 Pac. 763, 21 Am. & Eng. R. Cas. 624); *Boyd* v. *Portland Electric Co.*, 40 Or. 126 (66 Pac. 576, 57 L. R. A. 619); *Chaperon* v. *Electric Co.*, 41 Or. 39 (67 Pac. 928). Defendant being in the exclusive charge and control of the bus, was in a much better position to explain what caused it to overturn than the plaintiff. If the rule were otherwise, it would often result in a denial of justice.

2, 3. The motions for nonsuit and directed verdict were properly denied. Plaintiff introduced evidence showing the relation of passenger and carrier, the manner in which the accident happened, and that he was injured when the bus overturned. This constituted a *prima facie* case and was entitled to be submitted to the jury. It was not incumbent upon the plaintiff to go further and point out specifically what caused the bus to overturn. That was a matter peculiarly within the knowledge of the defendant. It appears from the uncontradicted testimony that the driver lost control of the bus while going down a steep grade, and, to avoid a dangerous curve at the bottom of the hill, purposely steered the car into the brush, whereupon it upset and injured plaintiff. There is no contention that plaintiff was guilty of contributory negligence. Indeed, it appears from the record that there was absolutely nothing he could have done to avoid the injury. The doctrine of *res ipsa loquitur* applies. *Richardson* v. *Portland Trackless Car Co.* (Or.), 233 Pac. 540.

4. Defendant submitted evidence that the bus was carefully inspected by skilled mechanics, and that every precaution was taken to care for the safety of passengers, but it nevertheless remained for the jury to say whether the *prima facie* case made by plaintiff had been overcome. Its decision in that respect is not for this court to review: *Chaperon* v. *Electric Co., supra; Richardson* v. *Portland Trackless Car Co., supra.*

5. Defendant contends that the following instructions requires too high a standard of care on the part of carriers of passengers:

"So in this case the rule is applied to the transportation of passengers by automobile busses exactly

the same that is required and applied to the transportation of passengers by steamboat or railroad. They are operating for a compensation—they are operating for a profit—they are operating for a fare, therefore the law says that you are not excusable for accidents and injuries resulting therefrom, by the rule applicable to the ordinary individual, but there shall be required of you as one who is operating for profit, for gain, for money, for a price, that *you shall exercise the highest degree of care that human ingenuity or intelligence is able to provide for that occupation.* Therefore the condition of the defendant in this case being a carrier of passengers for hire shall be measured by that degree of care that the law requires of those engaged in that line of business."

Much has been written about the degree of care to be exercised by common carriers in the transportation of passengers, and it appears that courts are far from uniform in their statement of the rule. Some courts say the "utmost," others the "greatest," and still others that an "extraordinary" degree of care must be exercised. "As far as human care and foresight will go" is an expression often found in the books. However, as said in 4 R. C. L. 1147, "the difference in the statements is merely a choice of words, and does not denote conflicting views." In *Graham* v. *Corvallis & Eastern R. Co.,* 71 Or. 477, (142 Pac. 774), an instruction that the carrier was required to exercise "the utmost care which can be exercised by human prudence, skill, and diligence" was said to go to the limit of the law, but held not to be erroneous. In *Richardson* v. *Portland Trackless Car Co., supra,* it was held, in keeping with much authority, that "a common carrier was obliged to exercise the highest degree of care consistent with the practical operation of its bus." It may well be contended that a part of the instruction given in the

instant case went beyond the verge of the law; but, when read in the light of the entire charge relative to that phase of the case, we do not deem it warrants a reversal. The court repeatedly, and properly, advised the jury that the defendant was obliged to exercise the highest degree of care. We must not subject the language of the trial court to a highly technical analysis, but should consider the instruction as to its probable effect upon the minds of the jurors. Viewed in this light, we think it is extremely doubtfull whether the italicized portion of the above instruction, to which appellant particularly objects, was prejudicial.

6. Error is claimed in the giving of the following instruction:

"But there is another rule applicable in cases of this kind when applied to the case of a person engaged in the business of carrying persons for hire, and I am going to read that from the book, and it is in language as follows, it is the rule that has been quoted to you by the attorneys under the Latin phrase of '*res ipsa loquitur*'—let the thing speak, or the thing speak for itself; but the language of the law is this: 'The doctrine of *res ipsa loquitur* has been stated, when the thing which causes an accident is shown to be under the management and control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have such management and control use proper care. It affords an evidence in the absence of explanation by the defendant that the accident arose from want of care by the defendant, so that under such circumstances proof of the happening of the accident raises a presumption of the defendant's negligence, and casts upon him the burden of showing that ordinary care was used.' That word 'ordinary' in this particular case should be changed to 'the highest degree of care should be used.' "

Appellant asserts the above instruction erroneously placed the burden of proof on him to show that he was free from negligence and that he exercised the highest degree of care to avoid injury to the plaintiff. Exception is also taken to that portion of the charge wherein the court said: "Under such circumstances proof of the happening of the accident raises a presumption of the defendant's negligence." The instruction in question is a correct statement of the law: *Esberg Cigar Co.* v. *Portland,* 34 Or. 282 (55 Pac. 961, 43 L. R. A. 435); *Boyd* v. *Portland Electric Co., supra; Chaperon* v. *Portland Electric Co., supra; Boyd* v. *Portland Electric Co.,* 41 Or. 336 (68 Pac. 810); *Richardson* v. *Portland Trackless Car Co., supra.* It is true that because the doctrine of *res ipsa loquitur* is involved the burden of proof is not shifted to the defendant; but, when plaintiff has made out a *prima facie* case, a presumption of negligence arises, and it becomes incumbent on the defendant to proceed and overcome such presumption by showing that he exercised the degree of care required by law. After all the evidence was in, it remained for the jury to say whether plaintiff had established by a preponderance of the evidence the material allegations of his complaint. The ultimate question of fact to be decided was the alleged negligence of defendant and whether such was the proximate cause of plaintiff's injury. The burden of proof in respect thereto never shifted. When the charge is considered in its entirety, it is plain that the jury were definitely advised in keeping with the law above stated.

7. It is charged the plaintiff purposely injected into the case that defendant had insurance covering liability for damages, and that such misconduct was

sufficient cause to dismiss the jury. What occurred is disclosed by the following portion of the record:

"Q. Did you have any other X-rays taken? A. Yes, I had another X-ray taken the forepart of this week, also. Q. Where is that? A. Dr. Walker has that. Q. Where is that? A. That is in Dr. Walker's possession. Q. Did you have any others taken? A. Yes, sir, at the request of the insurance company representing the bus company. Mr. Fulton: Strike that out, that is a mistake. Mr. Collier: I now move that the jury be discharged. Just a moment ago Mr. Robison stepped up to Mr. Fulton and communicated with him, and the question was asked and that answer was given, and I ask that the jury be dismissed. Mr. Fulton: I don't think, Mr. Collier, knowing me as long as you have, that you should make that insinuation. The Court: I won't strike it out; I don't believe it comes within that rule, but this jury will be instructed now to disregard and cut out of your mind any mention of any insurance proposition; it is not to be considered in any way. Mr. Collier: May we save an exception to the ruling of the Court?

A willful attempt to bring before the jury the claim that defendant is protected by insurance from liability to respond in damages constitutes reversible error (*Vasquez* v. *Pettit*, 74 Or. 496 (145 Pac. 1066, Ann. Cas. 1917A, 439), and cases therein cited); but a consideration of the record fails to convince us that plaintiff or his attorneys are guilty of misconduct. The rule announced is so well established in this jurisdiction that it is difficult to believe that reputable attorneys would thus jeopardize their client's cause.

8. Defendant asserts there was no evidence submitted relative to damages claimed on account of money expended for medical services, medicine and

nurse hire, and that such items ought to have been excluded from the consideration of the jury. Plaintiff, without objection, testified as to the amounts paid to the nurses, and, while he never stated that the price paid was the reasonable value of their services, we believe under the circumstances that appellant waived the objection. Exception to the instruction of the court in submitting the matter to the jury came too late. The trial court should have been apprised of such contention prior to the giving of the instruction. It will therefore not be considered here.

9. Relative to the item of $321 for "medical services, surgical aid, medicines, and bandages," the record discloses the following, which is all of the evidence pertaining thereto:

"Q. And your medical services, surgical services, surgical aid, medicine, and bandages, what did that amount to? A. I cannot recall that to mind; I have a memorandum of it—I have it separated here; I haven't the total. Q. There is $321 here in the complaint. I suppose that is correct? A. I can give you every item, if you wish. Q. I don't care about it—but you signed the complaint and it is $321 in the complaint? A. Yes, sir."

It is thus apparent that there is no evidence that plaintiff paid the sum as above alleged or that such was a reasonable charge. It is true that there is ample evidence as to the extent and nature of the services rendered, and many cases hold under such circumstances the jury is permitted to draw a reasonable inference as to the reasonable value of the same; but this court in *Tuohy* v. *Columbia Steel Co.*, 61 Or. 527 (122 Pac. 36), held that "a plaintiff in a case involving personal injuries can recover, as a part of his damages, his reasonable expenses for medicines

and medical treatment, but there must be some evidence that the charges are reasonable." The rule thus announced was approved in the later case of *Pinder* v. *Wickstrom*, 80 Or. 118 (156 Pac. 583), and is supported by many other authorities: 8 R. C. L. 654; 17 C. J. 915. In the light of these decisions it was error to have submitted this item to the jury as an element of damages.

Other assignments of error are not deemed of importance. We are convinced that defendant had a fair trial and that the record is free from error with the exception of the one above noted.

The judgment will be affirmed on condition that plaintiff enter a *remittitur* in the sum of $321 within thirty days from date hereof; otherwise, the cause will be reversed and remanded.

CONDITIONALLY AFFIRMED. AFFIRMED.