Argued March 19, affirmed April 3, 1928.

# EMMA B. FRANCISCO *v.* CIRCLE TOURS SIGHTSEEING CO.

### (265 Pac. 801.)

**Negligence — Jury may Draw Inference of Negligence from Unexplained Circumstances Under Rule of Res Ipsa Loquitur, Where Defendant has Exclusive Control of Thing Causing Injury.**

1. Where evidence shows that defendant had exclusive management and control of thing which caused injury, or where it appears that accident occurred by reason of some defect of vehicle, machinery, or appliance, circumstances may be sufficient to justify jury in drawing inference of negligence in action of injuries, under rule of *res ipsa loquitur*, if circumstances are not explained.

**Carriers — Res Ipsa Loquitur Doctrine Held Applicable in Action Against Bus Company for Passenger's Injuries When Bus Ran into Ditch, Notwithstanding Allegations of Driver's Negligence.**

2. In action by passenger against autobus company for injuries, in which complaint alleged that defendant "carelessly, negligently, and recklessly drove said automobile off said highway and into a ditch," submitting issue of defendant's negligence under *res ipsa loquitur* rule was not improper, notwithstanding allegations of negligence, where bus was run off main highway along embankment, causing plaintiff to be violently thrown against side of car.

**Carriers — Evidence Held to Warrant Finding of Bus Company's Negligence in Action for Injuries Resulting from Driving Car into Ditch, Submitted on Res Ipsa Loquitur Doctrine.**

3. In action by passenger against bus company for injuries sustained on being violently thrown to side of car when bus ran off pavement into or near ditch, evidence submitted on *res ipsa loquitur* doctrine warranted jury's finding that defendant was guilty of negligence in management of car.

**Trial—Reference to Defendant's Burden Under Res Ipsa Loquitur Doctrine Held not Prejudicial, Where Other Instructions Clearly Placed Ultimate Burden of Proof on Plaintiff.**

4. In action for injuries in which jury was permitted to presume negligence from circumstances, instruction placing on defendant

---

1. Presumption of negligence from accident or injury, see notes in 43 Am. Rep. 73; 6 Am. St. Rep. 792; 113 Am. St. Rep. 986. See, also, 20 R. C. L. 184 et seq.

2. Presumption of negligence from injury to passenger, see notes in 15 L. R. A. 35; 13 L. R. A. (N. S.) 601; 29 L. R. A. (N. S.) 808; L. R. A. 1916C, 364. See, also, 5 R. C. L. 74–77. Presumption of negligence from injury to passenger in motor-bus, see note in 45 A. L. R. 306. Burden and sufficiency of proof of negligence when passenger is injured, see note in 62 Am. Dec. 679.

"burden of showing" circumstances to avoid presumption of negligence was not error, where other instructions clearly directed jury that ultimate burden of proof was upon plaintiff to establish negligence.

**Evidence — Statement of Physician Made to Another as He Left Plaintiff's Room Held not Part of Res Gestae in Action for Injuries.**

5. In action for injuries, casual statement made by physician to manager of hotel as doctor left room in which plaintiff was lying in bed *held* not part of *res gestae* and incompetency, where plaintiff was not shown to have been in position to answer the statement.

**Continuance—Party may Contradict Stipulated Statement of Absent Witness by Showing Contradictory Statements.**

6. Where parties stipulated as to testimony of absent witness, party against whom stipulated statement was offered had same right to controvert the statement by proving contradictory statements as she would have to controvert sworn testimony of witness.

**Continuance—Plaintiff's Testimony That Fellow-passenger in Bus Sustained Cut Held Admissible to Contradict Her Stipulated Statement That She was not Thrown Against Plaintiff.**

7. In action for injuries resulting from jolt in bus in which plaintiff was passenger, testimony of plaintiff that fellow-passenger sustained cuts and other injuries as result of accident, *held* admissible to contradict stipulated statement of fellow-passenger introduced in evidence, which was to the effect that she was not thrown against plaintiff with any force or violence.

---

Evidence, 22 C. J., p. 467, n. 6.
Motor Vehicles, 42 C. J., p. 1206, n. 90, p. 1276, n. 4.
Negligence, 29 Cyc., p. 591, n. 93.
Witnesses, 40 Cyc., p. 2765, n. 19.

From Multnomah: T. E. J. DUFFY, Judge.

Department 2.

This is an action for damages for personal injuries. Upon a trial to the court and a jury, verdict and judgment went to plaintiff. Defendant appeals.

On September 1, 1925, the defendant corporation was engaged in transporting passengers for hire in automobile busses on sightseeing trips on the Columbia River Highway. Plaintiff procured a ticket and paid her fare and was a passenger on one of these busses, and was being transported along the Columbia River Highway from Portland to Hood River.

Plaintiff was sitting on the right of the back seat with two other ladies when the bus, a few miles west of the Columbia Gorge Hotel, near Hood River, was negligently driven off the highway into the ditch, or drain, and violently thrown against the bank, which was about fifteen feet high. The impact threw the plaintiff to the side of the car. The car was tipped to the right and the two women, who were quite large, fell on the plaintiff. She states, "I was twisted." The testimony tended to show that the plaintiff was seriously injured.    AFFIRMED.

For appellant there was a brief over the name of *Messrs. Angell, Fisher & Sabin,* with an oral argument by *Mr. Homer D. Angell.*

For respondent there was a brief over the names of *Messrs. Davis & Harris* and *Mr. Henry Hartje,* with an oral argument by *Mr. Paul R. Harris.*

BEAN, J.—The main question raised upon this appeal is that the trial court instructed the jury on the *res ipsa loquitur* rule. The defendant contended at the trial, and also at argument, that the rule does not apply, for the reason that the plaintiff alleged in her complaint specific acts of negligence, and did not rely on general negligence. The plaintiff alleges the negligence in the following language:

"That when said automobile was a few miles west of the 'Columbia Gorge Hotel' in said county, the defendant carelessly, negligently and recklessly drove said automobile off the said highway and into a ditch which paralleled said highway, thereby causing the said automobile to be violently tipped to its right side, all of which resulted in severe and permanent injuries to the plaintiff, the same being hereinafter more specifically set forth."

The testimony of H. T. Hinsey, introduced by the stipulation of counsel for the parties, is to the effect that he was the driver of the bus at the time of the accident; that as he approached the point mentioned there was a stone directly in his line of travel and he attempted to pass to the right to avoid the same and to avoid an approaching machine, and the right wheels of the car slipped over a small embankment and ditch; that the auto curved to the right and rested against the bank; that he was driving the car at the rate of about fifteen miles per hour and stopped it after it left the highway at a distance of about three feet.

Mr. A. E. Hitsman, the owner or manager of the company, to whom the driver telephoned to Portland, after leaving the car at the place of the accident and proceeding with the passengers to the Columbia Gorge Hotel, proceeded by auto to the place of the accident during the afternoon of the same day. He testified as a witness for the defendant, among other things, that the car was not injured except for the fender. That the rear hind wheels were off the side. That the left hind wheel wasn't over a foot from the pavement; that the distance between the pavement and the ditch was about six feet. The ground was sloping. The car was tilted; the right side ten or twelve inches lower than the left. The car was about four and one half or five feet wide. The entire car was off the pavement. That the front right wheel just kind of nosed into the bank; that it had passed a curve about fifty feet.

1, 2. By the instruction complained of the court informed the jury, in substance, that when the thing which causes an accident is shown to be under the management and control of the defendant and the

accident is such as in the ordinary course of things does not happen, if those who have such management and control, use proper care, the happening of the accident affords a presumption of the defendant's negligence.

The bus was in control of the defendant. The accident was surely one not in the ordinary course of things. It is not customary to run an automobile against a hill or embankment fifteen feet high to stop it. The force of the collision of the auto with the hill was evidently what caused the plaintiff to be thrown against the side of the car with her traveling companions.

The rule is tersely stated by former Chief Justice Bean in the case of *Goss* v. *Southern Pac. Ry. Co.,* 48 Or. 439, 441 (87 Pac. 149, 1 N. C. C. A. 235), in effect, as follows: Ordinarily the mere fact of the accident does not *per se* raise a presumption of negligence, but often negligence may be implied from the facts and circumstances disclosed, in the absence of evidence showing that the accident occurred without negligence: Shearman & Redfield, Negligence (4 ed.), § 59; 2 Thomas, Negligence (2 ed.), p. 1093; Jaggard, Torts, 938. As an illustration where the evidence shows that the defendant had the exclusive management and control of the thing which caused the injury, or where it appears that the accident occurred by reason of some defect of the vehicle, machinery, roadbed or appliance, the circumstances, if not explained, may be sufficient to justify a jury in drawing the inference of negligence, under the rule of *res ipsa loquitur*.

The rule is stated in Berry on Automobiles (4 ed.), page 216, Section 216, as follows:

"The doctrine of *res ipsa loquitur* may be applied in actions seeking to recover for injuries due to the operation of automobiles. The facts surrounding and forming part of an automobile accident may be such as to raise an inference that the accident was due to negligence on the part of the person operating or in control of the automobile."

The basis of the doctrine is stated in 5 R. C. L., page 77, Section 714, thus:

"The reasons assigned by the courts for this rule are: 1. The contractual relation between the carrier and passenger, by which it is incumbent on the carrier to transport with safety; hence the burden of explaining failure of performance should be on the carrier. 2. The cause of the accident, if not exclusively within the knowledge of the carrier, is usually better known to the carrier, and this superior knowledge makes it just that the carrier should explain. 3. Injury to a passenger by a carrier is something that does not usually happen when the carrier is exercising due care; hence the fact of injury affords a presumption that such care is wanting."

The case of *Coblentz* v. *Jaloff*, 115 Or. 656, 658 (239 Pac. 825), is much like the case in hand. In that case Mr. Justice BELT discussed the rule referred to as *res ipsa loquitur*. In that case it was charged as follows:

"That whilst plaintiff was such passenger on such motor vehicle bus, such bus was by and through the carelessness and negligence of the defendant overturned, and threw down plaintiff therein as a passenger as aforesaid, and by reason thereof plaintiff was greatly injured."

In the present case it will be noticed that the plaintiff alleges that the defendant "carelessly, negligently and recklessly drove said automobile off the said highway and into a ditch."

It is not alleged what caused the automobile to be driven into the ditch; whether the driver "stepped on the gas" after he had slightly turned the automobile to avoid the rock, or whether the steering gear was not capable of being used quickly enough to steer the car back, or what the cause was of running the car against the mountain, as plaintiff called it.

The jury would be warranted in finding that the driver lost control of the car, which brings the case squarely within the rule announced in the case of *Coblentz* v. *Jaloff, supra.* In that case Mr. Justice BELT said, as shown at page 660 of the Report:

"Plaintiff introduced evidence showing the relation of passenger and carrier, the manner in which the accident happened, and that he was injured when the bus overturned. This constituted a *prima facie* case and was entitled to be submitted to the jury. It was not incumbent upon the plaintiff to go further and point out specifically what caused the bus to overturn. That was a matter peculiarly within the knowledge of the defendant."

From the testimony on the part of the defendant it does not appear that there was any necessity for driving the car against the bank in order to avoid the rock upon the highway; even if it was necessary to drive the car off the pavement, which is not clear from the evidence, as the space between the pavement and the ditch or drain was about six feet in width.

3. The defendant has not explained the management of the car at the time of the accident so as to avoid the presumption of negligence from the car having been driven violently against the hill, under the circumstances delineated. The rule that the jury will take into consideration all the circumstances of the accident, and the operation of the car, is but an appliance of the general rule of indirect or circum-

stantial evidence, which in this case warranted the jury in finding that there was negligence in the management of the car in which the plaintiff was riding.

4. The court in charging the jury as to the explanation of the defendant, in regard to what caused the accident, said in substance, it is a matter which was peculiarly within the knowledge of the servant of defendant, after such circumstances had been shown by plaintiff as might raise a presumption of negligence or make a *prima facie* case. The court used the words "burden of showing," etc. While the word "burden" may not have been apt in this connection, a careful reading of the whole charge to the jury plainly shows that the jury must have understood that the circumstances detailed called for evidence on the part of defendant to rebut the presumption. The court charged the jury as to the ultimate burden of proof as follows:

"In this connection, however, it remains a question for the jury to say, after all of the evidence has been introduced and considered by you, whether the plaintiff has established by a preponderance thereof the material allegations of her complaint. The burden does not shift, and, as I have heretofore stated in my instructions, it devolves upon the plaintiff to establish the allegations of her complaint by a preponderance of the testimony."

The court reiterated the instruction, in substance, that the plaintiff must establish the alleged negligence by a preponderance of the evidence; that "it does not devolve upon the defendant in this case, to sustain any of the issues by a preponderance of the testimony." And again, that the burden of proof is on the plaintiff to establish by a preponderance of the evidence, that the defendant was guilty of negligence,

which was the proximate cause of the injury. It was practically impossible for the jury to misunderstand the court as to the ultimate burden of proof in the case. The charge to the jury is not subject to the objection of defendant or erroneous.

5. The defendant assigned error relative to the ruling of the trial court, excluding the declaration of Dr. Sifton claimed to have been made in the presence of plaintiff and the witness Trembly. Dr. J. W. Sifton's statement was introduced in evidence by a stipulation. He was called to the Columbia Gorge Hotel to treat the plaintiff, and the statement of the doctor detailed her condition.

The testimony excluded referred to what was apparently a casual statement not under oath made to the manager of the hotel as the doctor left the room in which the plaintiff was lying in bed. The plaintiff was not shown to be in a position to answer the statement. It would not add to his sworn testimony. It was not a part of the *res gestae*. It was incompetent and not admissible. There was no error in the ruling of the court.

6, 7. The parties stipulated that if Mrs. E. L. Carter were present at the trial she would testify, among other things, that she was a passenger in the touring car at the time of the accident; when the car left the pavement it was slightly tilted to its right side against the embankment but not violent "and neither the other lady nor myself was thrown with any force or violence against the plaintiff."

The plaintiff introduced the testimony of Mrs. Theodore Johnson for the purpose of contradicting the statement contained in the stipulation, and tending to show that the next day after the accident, when she came to see plaintiff at the hotel, Mrs. Carter had a

cut across the right eye, and it was rather black then as a result of the accident.    That Mrs. Carter said that her head ached and she was unable to resume the trip that day as she intended; that her hat was under the car "and they had it cleaned for her; and also bought a button—it was pulled off."

The plaintiff had the same right to contradict the stipulated statement that she would have had to controvert the sworn testimony of the witness by showing that she had made contradictory statements.

The testimony tended to contradict the stipulated statement of Mrs. Carter, in a measure, and was admissible.    There was no error in the ruling of the court in that respect.

After a careful examination of the record we find no error therein.    The judgment of the Circuit Court is therefore affirmed.                    AFFIRMED.

RAND, C. J., and BROWN and BELT, JJ., concur.