Argued March 12, affirmed April 9, rehearing denied April 30, 1929.

## MARIE PHILLIPSEN *v.* WARREN HUNT.

(276 Pac. 255.)

For appellant there was a brief over the names of *Messrs. Joseph, Haney & Littlefield* and *Mr. W. M. Duncan,* with an oral argument by *Mr. Robert C. Bradshaw.*

For respondent there was a brief over the name of *Messrs. Manning, McColloch & Driscoll,* with an oral argument by *Mr. Horace Manning.*

BELT, J.—This is an action to recover damages for personal injuries received while plaintiff was a patient in the Klamath Valley Hospital, an institution owned and operated by defendant for private gain. The action arose as follows: Drs. Massey and Soule performed a surgical operation upon plaintiff and while she was still unconscious as a result of the general anesthetic removed her from the surgery to a bed prepared for her by nurses in the employ of defendant. The doctors say that before placing her in bed each of them removed a hot water bottle. Dr. Soule is positive that all bottles were removed. Dr. Massey is not so certain as he says there was a small triangular space under the bedding which he did not examine, large enough to cover a hot water bottle. The patient was left in charge of Miss Bramhall, a nurse in the employ of defendant, until the arrival of a special nurse. Before this nurse arrived, the plaintiff who was beginning to recover consciousness complained of being cold. Her husband suggested a

hot water bottle but Miss Bramhall said it was not needed. A few minutes later, before the arrival of the special nurse, Miss Bramhall, upon complaint of the plaintiff that her foot and leg pained her, discovered a hot water bottle in contact with the patient which caused a severe burn. Both Miss Bramhall and the husband of plaintiff denied having placed any hot water bottle in the bed. There is testimony that the mother of plaintiff was in the room before discovery of the bottle, but she also denied having anything to do with it. Miss Roeser and Mrs. Humphrey, nurses employed by defendant, testified that they prepared the bed for the reception of plaintiff after the operation. Miss Roeser says that she placed two hot water bottles in the bed and that Mrs. Humphrey went down the hall to secure another bottle, but that she did not see her put any in the bed. Mrs. Humphrey denies having anything to do with the bottles, but says she saw Miss Roeser place two in the bed.

This much is certain: plaintiff was injured through the negligence of some person. The vital question is: Did defendant, through some nurse in his employ, fail to exercise due care in permitting a hot water bottle to burn plaintiff in her unconscious condition, or were her injuries the result of a negligent act on the part of some third person? Counsel for the plaintiff, in their brief, concede that Drs. Massey and Soule removed two bottles from the bed when plaintiff was returned from the surgery. If it be true that but two bottles were put in the bed when it was made by Mrs. Humphrey and Miss Roeser, then it would follow that some person must have placed a hot water bottle in the bed after the patient was left in the charge of Miss Bramhall and before

the arrival of the special nurse, which was only twenty minutes after the completion of the operation. If more than two bottles were placed in the bed when it was made and the doctors removed only two of them, any negligence on their part could not be charged to the defendant, as they were employed by the plaintiff. It would seem, therefore, that the charge of negligence against defendant must be predicated on the theory that the hot water bottle was placed in the bed by Miss Bramhall. If the husband of the plaintiff, who was in the room and assisting Miss Bramhall in the care of his wife, placed this hot water bottle in the bed, there would, of course, be no liability as against the defendant. The respective theories of the parties were submitted to the jury and a verdict returned in favor of the defendant. Plaintiff appeals, assigning error in the giving and the refusal to give certain instructions.

██ Plaintiff relies strongly on the doctrine of *res ipsa loquitur*. We do not think it applies to the facts in this case. It appears, without contradiction, from the evidence, that there was a divided responsibility relative to the care and treatment of the plaintiff. The manner in which the accident happened does not of itself speak negligence on the part of the defendant. Defendant did not have the exclusive control over the hot water bottle in question. As stated in 45 C. J. 1214, to apply the doctrine.

"there must appear * * that the negligent cause or thing which produced the injury complained of was wholly and exclusively in the possession, and under the control or management, of defendant or his servants. Accordingly the doctrine cannot be invoked where there is a divided responsibility and the accident is due in part to the act of a third party over

whom the defendant has no control, or where the injuring agency is partly or entirely under the control or management of plaintiff.''

It might well be argued in the light of the facts in this case that it was just as probable that Mr. Phillipsen through excitement and solicitude for the welfare of his wife, placed a hot water bottle in the bed as that it was done by the nurse in charge. The doctrine cannot be invoked where two reasonable inferences may be drawn from the evidence, (1) that the defendant was negligent and (2) that some third person may have been negligent: *Coss* v. *Northern Pacific Railway Co.*, 48 Or. 439 (87 Pac. 149).

Assuming, however, that the doctrine does apply, we fail to see wherein plaintiff was injured by reason of the instructions of the court, or the refusal to give those requested. Had a nonsuit been granted the question of the applicability of the doctrine would be far more pertinent. In the instant case the issues were fairly submitted to the jury and the questions of fact were resolved against the plaintiff. The gist of the case was submitted in the following instruction:

''I instruct you that if you are in doubt whether the bottle was put in the bed by the husband or whether it was there due to some act or omission by the defendant or his agents or employes, that you must find for the defendant. A plaintiff in a case of this character must show by a preponderance of the evidence not only that the injury alleged occurred but that it was due to the negligence of the defendant; and if, after consideration of all the testimony you are unable to fairly decide whether the accident was chargeable to the negligence of the defendant or due to some act by the husband himself, then I instruct you that plaintiff will have failed to make her case by a preponderance of the evidence as required by

law, and you must return your verdict for the defendant.''

■ Regardless of whether *res ipsa loquitur* applies, it was incumbent upon the plaintiff to establish by a preponderance of the evidence that the alleged negligence of the defendant was the proximate cause of her injuries. As we have often said, the rule which plaintiff seeks to invoke does not shift the burden of proof to the defendant: *Francisco* v. *Circle Tours Sightseeing Co.,* 125 Or. 80 (265 Pac. 801); *Gillilan* v. *Portland Crematorium Assn.,* 120 Or. 286 (249 Pac. 627); *Coblentz* v. *Jaloff,* 115 Or. 656 (239 Pac. 825). Even though it be conceded that plaintiff established a *prima facie* case by showing that she sustained an injury through an instrumentality within the exclusive control of the defendant, and no evidence had been offered on the part of the defendant, it does not follow that she would have been entitled to a directed verdict: 45 C. J. 1223. A jury, under such circumstances, would be warranted in inferring negligence but it would not be obliged to do so. As stated in *Sweeney* v. *Erving,* 228 U. S. 233 (57 L. Ed. 815, 33 Sup. Ct. Rep. 416, Ann. Cas. 1914D, 905), and quoted with approval in *Gillilan* v. *Portland Crematorium Assn., supra:*

'' * * * *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict.''

The instructions given were indeed favorable to the plaintiff and we see no cause to disturb the findings of the jury.

The judgment of the lower court is affirmed.

AFFIRMED. REHEARING DENIED.

BEAN, BROWN and RAND, JJ., concur.