Argued October 5; affirmed October 16, 1934

# DITTERT *v.* FISCHER

(36 P. (2d) 592)

*W. J. Cooper,* of Gresham, for appellant.

*C. G. Schneider,* of Portland (McGuirk & Schneider, of Portland, on the brief), for respondent.

CAMPBELL, J.   Plaintiff, a nurse, is engaged in the operation of a small private hospital at Sandy, Oregon. Between April 14, 1933, and April 27, 1933, defendant was a patient in plaintiff's hospital and incurred expenses for care, medicine and surgical dressings, in the sum of $53.90 which he failed to pay. On October —, 1933, plaintiff brought this action in the justice court to recover said sum.

Defendant filed an answer to plaintiff's complaint in which he admitted the services rendered and the value thereof and by way of counterclaim alleged, in effect, that while at the hospital as such patient he was being treated for an infected ulcer on one of his limbs and that plaintiff was careless and negligent in her duties as a nurse "in that she applied electric hot pads to the limb of this defendant in such manner as to cause severe burns and that through lack of proper care and attention, permitted defendant to be so burned".

He further alleged in effect that plaintiff negligently applied to the infected part of his limb a certain salve that his physician prescribed for the burns, and said salve aggravated the sore, and that by reason of said negligent acts, he suffered great pain and his sickness was prolonged to his damage in the sum of $1,000, for which he prayed judgment.

Plaintiff, in her reply, denied any carelessness or negligence on her part and for a further reply alleged in effect that the bandages were applied according to defendant's physician's orders and strictly under his supervision, and that defendant himself was the cause of the burns received by failing to obey the instructions of the nurse and physician; that all medicine and salves applied by plaintiff to defendant's limb were applied in strict conformity with and in the manner prescribed by and under the direct supervision of defendant's physician and that there was no aggravation of defendant's malady by reason thereof.

The cause was thereafter transferred to the circuit court and was tried to a jury. At the opening of the trial it was stipulated in open court by counsel for respective parties that plaintiff furnished the services,

medicines and dressings and attention alleged in the complaint and that if plaintiff should prevail she would be entitled to recover the amount claimed therein. Thereupon defendant introduced his testimony in support of his counterclaim. When defendant rested, plaintiff moved for a dismissal of the counterclaim and for a directed verdict for plaintiff. Both motions were granted to which defendant duly excepted. Judgment was entered on the verdict and defendant appeals.

The plaintiff's motion for a dismissal of the counterclaim was based on the ground of a variance between the allegations therein and the proof. We are not concerned with the reasons stated in the motion or the grounds on which the court based its opinion. What we are interested in is: Was the court's action correct and in accordance with the law?

When appellant entered the hospital, he was suffering from what is commonly known as blood-poisoning, resulting from an infection in an open ulcer on the frontal part of his leg between the knee and the ankle. His physician prescribed hot moist packs, saturated with boric acid, to be kept as hot as the patient could bear. The heat was maintained by an electric heating pad applied over the packs. Appellant testified that this was done, and that respondent instructed him to keep the packs as hot as he could bear and showed him how the electric current could be controlled. The amount of heat carried to the electric pad was governed by a switch. By operation of the switch, the pad could be kept at a high, intermediate or low temperature as indicated on the apparatus. He further testified that he successfully manipulated the switch for three or four days without any ill result; that on the night of the fourth day he turned the switch on either

intermediate or high and then fell asleep; that when the doctor examined him the next morning he discovered the burns and prescribed a certain salve to be applied to the burns but which should not be applied to the open ulcer. Appellant claims that this salve was applied to the ulcer as well as the burns and that the ulcer was thereby aggravated. However, he further testified that all his pain, suffering and loss of employment were caused by the burns.

He does not allege nor does he testify as to any particular acts that the plaintiff did or failed to do, that were negligent.

Appellant contends that the doctrine of res ipsa loquitur should apply to this case.

There is no claim made that appellant was not in full possession of all his mental faculties all the time he was in the hospital. Nor is there any claim that he was not entirely capable physically to turn the switch on or off. He testified that he did so manipulate the electric switch many times during the first three days he was in the hospital. The instrumentality (the electric current) which caused his alleged injury was under his control at least to the same extent as it was under control of plaintiff.

The doctrine of res ipsa loquitur is only available when the instrumentality, causing the injury complained of, is entirely under the control of the one against whom the charge of negligence is made: *Nutt v. Southern Pacific Company*, 25 Or. 291 (35 P. 653); *Phillipsen v. Hunt*, 129 Or. 242 (276 P. 255); *Teel v. Steinbach Est.*, 135 Or. 501 (296 P. 1069).

The judgment of the circuit court will be affirmed. It is so ordered.

RAND, C. J., and BELT and KELLY, JJ., concur.