Argued November 26, 1958, affirmed March 25, 1959

# HON *v.* MOORE TIMBER PRODUCTS, INC.,
## A CORPORATION
### 337 P. 2d 321

*Gene L. Brown,* Grants Pass, argued the cause for appellant. With him on the brief were Donald H. Coulter and D. F. Myrick, Grants Pass.

*Kneland C. Tanner,* Portland, argued the cause for respondent. With him on the brief were Johnson & Telfer, Grants Pass.

Before PERRY,* Chief Justice, and LUSK, WARNER and SLOAN, Justices.

LUSK, J.

Plaintiff, as surviving widow and guardian of the minor children of Herschel Hon, deceased, brought this action under the Employers' Liability Act to recover damages for the alleged wrongful death of the deceased. A jury trial resulted in a judgment for the plaintiff, and the defendant has appealed.

At the time of his death, Herschel Hon was employed by Timber Haulers, Inc., as a truck driver. Timber Haulers, Inc., had a contract with the defendant to haul logs for it from its timber operation in Josephine County to the mill. On April 6, 1954, Hon was at the operation with his truck to pick up a load of logs, in pursuance of this contract. Employees of the defendant loaded the truck, and after they had com-

---

* Chief Justice when case was argued.

pleted the loading job and while Hon was engaged in putting a binder chain around the load one of the logs fell from the truck, crushing him to death. In general, the plaintiff charges that Hon's death was caused by the negligent manner in which the truck was loaded by the defendant's employees.

Several assignments of error arise out of instructions given by the court relative to the alleged violation by the defendant of what the parties and the court assumed to be a regulation of the State Industrial Accident Commission.

Paragraph V of the second amended complaint, on which the case was tried, alleged that at the time of the accident there was in full force and effect the following regulation duly promulgated by the State Industrial Accident Commission:

"The method of loading shall be such that the outer logs in any upper tier or layer shall have their centers inside of the centers of the outer logs of the next lower tier or layer so that the load is stable without the aid of ties or binders. Ties or binders shall be considered as precautionary measures to insure stability of the load while the vehicle is rounding curves or upon superelevated or sloping surfaces."

In the next paragraph it is alleged that the defendant was negligent "In failing to place the center of the right wing log of the upper tier which fell as aforesaid a sufficient distance inside the center of the outer log of the next lower tier so as to make said wing log stable without the aid of ties or binders."

In its answer, the defendant admitted paragraph V of the complaint. Evidence was received tending to show violation of the regulation by the defendant, and the court instructed upon it, charging the jury,

among other things, that such violation would be negligence per se. After the verdict, counsel for the defendant discovered that the regulation in question was prescribed, not by the Accident Commission, but by the State Highway Commission as a recommendation to the Public Utility Commissioner pursuant to ORS 767.165 (2). For convenience, we refer to it as the Highway Commission regulation. It is one of a number of such regulations which relate exclusively to the transportation of logs, poles and piling on the public highways of the state. It could not, in any event, have applied to this case, for the accident occurred on private property. The error of both parties, as well as of the court, was due apparently to the inclusion of the Highway Commission regulations in a pamphlet put out by the Accident Commission.

■ The instructions of the court submitting to the jury the question whether the regulation pleaded was violated by the defendant were made grounds of a motion for a new trial filed by the defendant and which was denied by the trial judge. They are now assigned as error in the defendant's brief on this appeal. It is conceded by the defendant, as of course it must be, that no exceptions were taken to these instructions, but it is urged that the giving of them was palpable error which the court should notice in the interest of justice.

We have, on occasion, used the power invoked, the most recent instance being in *Sorensen v. Gardner,* 215 Or 255, 334 P2d 471. But we have never done so except where it appeared not only that the error was manifest but, as well, that it probably influenced the verdict and that exercise of the power was necessary in order to avoid a miscarriage of justice. We think that this is not that sort of a case.

■ The evidence discloses that a machine referred to as a "shovel", which was powered by a diesel engine, was used to lift the logs and place them on the truck. Employees of the defendant were in the exclusive charge of this operation. They selected the logs and determined how they should be loaded. Hon had no duty to perform in connection with the loading. When that job was completed, it became his duty to inspect the load to see that "he was all right for width, length, and height, and would put the chains on and take it to town." It was while he was putting on the chains that the accident occurred.

The load consisted of five logs, three on the bed of the truck and known as the bunk logs, the other two, known as the wing logs, resting on the bunk logs. The butts of all the logs were approximately 42 inches in diameter. At the small ends, they ranged from 26 inches to 29 inches in diameter. The middle bunk log was placed on the truck with the butt forward, that is, toward the front of the truck, and was flanked by two logs with their small ends forward. The right bunk log (the one on the side opposite the driver's side) was 26 inches in diameter at the small end. The butts of both wing logs were forward so that the butt end of the right wing log, measuring 42 inches in diameter, rested on a log 26 inches in diameter. It was the right wing log which fell. The forward, or butt end fell first. It was the theory of the plaintiff that the arrangement of the logs as described caused the load to be unstable, and constituted a violation of the regulation pleaded. There was substantial evidence to support this theory.

The evidence discloses that when the loading was completed, Hon, who had been on the driver's side of the truck checking his scales, started to put the chain

around the load by "snaking it over the load," and then went to the right side of the truck and picked the chain "off of the ground and threw it over the load," and as he did so the right wing log fell. This was the last log to be put on the load. The accident occurred "a good five minutes" after George Kellert, head loader for the defendant, had climbed up on the load and freed the tongs from the right wing log. There is no explanation of what caused the log to fall if the load was stable.

At the time of the accident, there was in effect a regulation of the State Industrial Accident Commission applicable to the loading of the truck, which read:

"Logs shall be well saddled without crowding so that there will be no excessive strain on the binder or bunk chains."

Several of the witnesses explained the meaning of the word "saddled", as used by loggers. George Kellert's testimony is typical. It is as follows:

"Q What do you mean by 'saddle', Mr. Kellert?
"A Saddle is kind of an arc created by two logs being placed together.

"Q Is it into that arc or groove that the upper log then sets?
"A Yes."

Walter Lloyd Hutchinson, a truck driver for Timber Haulers, Inc., was an eye witness to the accident. He testified as a witness for the plaintiff:

"Q Mr. Hutchinson, from what you saw do you have any explanation for the cause of this log falling?
"A Well, I don't know. Strange things happen. The only thing I can say is that the log was not in the saddle or it would have never fell.

"Q How could it have been—how could that log have been arranged so as to be stable there in the saddle?

"A Could have been reversed and the butt end put back on the trailer and the small end forward.

"Q What would that have done to the log?

"A Well, it would have put it in the saddle where it won't come off."

Substantially, the Highway Commission's regulation and that of the Accident Commission come to the same thing. The purpose of both regulations is to insure a stable load, and the means for accomplishing the purpose are identical, though expressed in different language. This was suggested by the trial judge on the hearing of the motion for a new trial, when he said:

"THE COURT: * * * I might say this, in regard to this case, the thing that I have been thinking about with regard to this, suppose there had been a mistake there. Now I can't see very much difference between saying that a log is well saddled and saying that the center line must be a sufficient distance inside and so on. It seems to me that is just another way of saying the same thing. If the Court should be of the opinion that the mistake was actually made, but that under the facts of the case it wouldn't be prejudicial, then I am assuming that I would have to deny the motion on that ground. I'm not making a decision now. That's my thinking in the matter."

■ In our opinion if, as the jury must have found, the defendant did something prohibited by the Highway Commission regulation, the same neglect constituted a violation of the Accident Commission regulation. The latter was applicable to the defendant's conduct. For that reason, we hold that the error in giving the instructions complained of was technical rather than

substantial, and resulted in no real harm to the defendant's rights.

It may be added that, even though there had been no regulation upon the subject, a jury which found that the load was made up in the manner claimed by the plaintiff could scarcely avoid finding that the defendant was guilty of common-law negligence which caused Hon's death.

■ Defendant excepted to the following instruction given by the court and assigns the ruling as error:

"For defendant's third and separate defense, it has alleged as follows:

" 'That the loading operations of the said Herschel Hon's truck by the defendant on April 6th, 1954, was completed and finished at the time the said log fell from the load, and said load was under the sole dominion and control of Herschel Hon.'

"I instruct you that if, in the loading operations, the defendant's employees were negligent and such negligence, if any, created a dangerous condition as alleged, which caused the accident, if such be a fact, the fact, if it was a fact, that the loading operations had been completed would not relieve defendant from liability in this case."

The ground of the exception and the argument made here in support of it is that, since the operation of the machinery had ceased when the loading was completed, the Employers' Liability Act is without application to the case. No authorities are cited in support of this proposition. It is conceded that the plaintiff was required, in the discharge of his duties, to mingle with the employees of the defendant and so expose himself to the hazards of the work in which they were engaged. He was, therefore, under our precedents, within the protection of the Employers' Liability Act.

*McKay v. Pacific Building Materials Co.,* 156 Or 578, 592, 68 P2d 127; *Walters v. Dock Commission,* 126 Or 487, 505, 245 P 1117, 266 P 634, 270 P 778; *Rorvik v. North Pacific Lumber Co.,* 99 Or 58, 70, 190 P 331, 195 P 163; *Turnidge v. Thompson,* 89 Or 637, 653, 175 P 281; *Clayton v. Enterprise Electric Co.,* 82 Or 149, 161 P 411 (as modified in *Turnidge v. Thompson,* supra); *Pacific States Lumber Co. v. Bargar,* 10 Fed2d 335 (9th Cir.) And it has been determined and is not open to doubt that, under the so-called "and generally" clause of the Act, ORS 654.305, if the work is inherently dangerous, either as a class or because of the presence of special conditions, the total absence of machinery does not preclude application of the Act. *Bottig v. Polsky,* 101 Or 530, 548-549, 201 P 188. In the case at bar, the court, in accordance with decisions of this court too numerous for citation, submitted to the jury the question whether the work involved risk and danger. By their verdict, the jury answered this question in the affirmative. Obviously the evidence supported the finding.

There is no merit in the assignment of error.

■ The defendant asserts that the court erred in withdrawing from the jury's consideration an allegation of the answer to the effect that Hon was guilty of contributory negligence in that he "did carelessly throw a binder chain over the load of logs and pull or jerk said chain without determining the stability of said load." A witness for the plaintiff testified that he threw the chains "over the front end of the load and I would say he probably snapped the chain about three or four times to get it over as far as he wanted it." The witness was asked to explain what he meant by snapping the chain, and answered, "Just grab hold of a chain and flip it back and forth and it works its

way over the load." As previously stated, it was part of Hon's duty to put the binder chains around the load. There is no evidence that he performed that duty in any other than the normal or customary manner. We think, therefore, that the allegation was properly withdrawn by the court.

■ The court withdrew an allegation of the answer reading as follows:

"That the said Herschel Hon was in control and had charge of the loading of his truck on April 6, 1954, and did personally direct the placing and locating of the log which fell from his truck and caused his death."

The brief does not set forth the exception taken, and we therefore might decline to consider this assignment of error. Rule 16, Rules of the Supreme Court. We think it sufficient to say that the instruction was right, because there was no evidence to support the allegation.

Other assignments of error are either sufficiently answered by what we have already said, or are so lacking in merit as not to call for discussion.

The case was fairly tried and fairly submitted to the jury. The judgment is affirmed.