Argued November 30, 1960, affirmed January 5, petition for
rehearing denied February 7, 1961

# SIMPSON *v.* THE GRAY LINE COMPANY

358 P. 2d 516

*Joe P. Price,* Portland, argued the cause for appellant. With him on the briefs was Tom P. Price, Portland.

*Nicholas Zumas,* Portland, argued the cause for respondent. With him on the brief were Koerner, Young, McColloch & Dezendorf, Portland.

Before McAllister, Chief Justice, and Warner, Perry, Goodwin and King, Justices.

GOODWIN, J.

Plaintiff appeals from a judgment following a verdict for the defendant common carrier in an action for damages for personal injuries.

Plaintiff was a fare-paying passenger on a chartered bus when the right front tire blew out. The bus overturned and plaintiff sustained physical injuries.

The principal question arises out of an instruction. The trial court, instructing on the plaintiff's theory of *res ipsa loquitur,* told the jury that there was an "inference" of negligence on the part of the defendant under the facts of the case. Plaintiff contends that the court should have used the word "presumption." The only exception taken to the instruction was to the substitution of the word "inference" for the requested word "presumption."

In cases not involving common carriers, the matter was settled in *Ritchie v. Thomas et al,* 190 Or 95, 224 P2d 543. In that case, this court held that if the doctrine of *res ipsa loquitur* applies, it gives rise to an inference of negligence and not to a presumption

thereof. Earlier cases were discussed at length and inconsistent decisions were overruled. The opinion left open the question whether the same rule should apply to actions against common carriers.

Our statutes recognize two distinct kinds of indirect evidence: inferences and presumptions. ORS 41.310.

An inference is defined as a deduction which the reason of the jury makes from facts proved, without an express direction of law to that effect. ORS 41.320.

A presumption is defined as a deduction which the law expressly directs to be made from particular facts. ORS 41.340.

■ The distinction between the two is the difference between that which is permitted and that which is demanded. An inference is permissible; a presumption is required. *Ritchie v. Thomas et al,* supra. In the trial of any particular action the difference is important because an inference does not affect the burden of going forward with evidence, while a presumption may. See Prosser, Torts 211-214, § 43.

■ In the case at bar, the plaintiff proved that the tire which gave way was within the possession and control of the defendants at all material times. The tire was rented from a third party, but this fact is immaterial in determining the issue before the court. There is a duty upon the carrier to furnish tires that are fit for the intended use. *Remer v. Flying Eagle Whiteway Lines,* 172 F2d 831 (2d Cir. 1949). If there were no other evidence, an inference arising out of the tire failure would have authorized the jury to find that the defendant was negligent in regard to the particular duty. A presumption, on the other hand, would have required the jury to find that the defendant was negli-

gent. As noted above, *Ritchie v. Thomas* left the question open.

Before *Ritchie v. Thomas* was decided, Oregon decisions could be found to support a variety of approaches to the problem of applying *res ipsa loquitur* to carrier cases. In at least four carrier cases, the court used language suggesting that the application of *res ipsa loquitur* in a common-carrier case provides the plaintiff with a presumption of negligence. In none of the four was the mandatory effect of a presumption necessary to the decision, and we doubt that the court considered the effect of its choice of nomenclature. See *Budd v. United Carriage Co.,* 25 Or 314, 35 P 660, 27 LRA 279; *Richardson v. Portland T. Car Co.,* 113 Or 544, 233 P 540; *Coblentz v. Jaloff,* 115 Or 656, 239 P 825, and *Francisco v. Circle Tours Sightseeing Co.,* 125 Or 80, 265 P 801. Insofar as the four cases last mentioned may be understood as holding that *res ipsa loquitur* gives rise to a presumption, they are overruled.

As pointed out in *Ritchie v. Thomas et al,* supra, *res ipsa loquitur* is merely circumstantial evidence that a duty owed to the plaintiff may not have been performed. The difference between a case in which the defendant is a common carrier and a case against an ordinary defendant is to be found in the high degree of duty owed by the carrier to a passenger and not in any mystical powers to be drawn from the word "presumption."

The authorities agree that two conditions must exist before a plaintiff is entitled to an inference that the defendant was at fault. These are: (1) an instrumentality under the actual control of the defendant, or one which the defendant has the right to control and manage; and (2) an accident which probably would

not have happened if some one had not failed to exercise due care. *Ritchie v. Thomas et al,* supra; Prosser, *Res Ipsa Loquitur in California,* 37 Cal L Rev 183.

Liability is imposed upon a common carrier, as upon any defendant, because of a breach of some duty owed the plaintiff. In other words, before there is liability there must be fault. In applying the rule that an inference of fault arises from the happening of an accident through an instrumentality within the responsibility of the defendant under certain circumstances, the court must begin in each case with an understanding of the breach of duty the plaintiff is required to establish, either inferentially or directly.

■ The inference of a failure to perform a duty owed the plaintiff in the case at bar involves the use of circumstantial evidence to permit the jury to find that the defendant did not, prior to the accident, use that degree of care in its inspection, maintenance, record-keeping, and operation of its passenger equipment that the law requires of it. The inference of such want of care does not, and should not, shift the ultimate burden of proof. The inference is merely circumstantial evidence, available to the plaintiff, to be given such weight as the jury deems proper.

■■ The jury was correctly instructed in the case at bar that a common carrier owes its passengers the highest degree of care and skill practicable for it to exercise. Prosser, Torts 147, § 33; *Richardson v. Portland T. Car Co.,* supra; *Pennsylvania Co. v. Roy,* 102 US 451, 26 LEd 141. The court also correctly instructed the jury that the defendant-carrier could not delegate its duty to a third party, i.e., to a tire company which supplied tires on a rental agreement. *Pennsylvania Co. v. Roy,* supra; Prosser, Torts 359, § 64.

The defendant has questioned whether the doctrine

of *res ipsa loquitur* should apply in case of tire failure. It has been held in actions against automobile owners who are not common carriers that mere tire failure gives rise to no inference of a breach of any particular duty. See cases collected in Annotation, 24 ALR2d 161, 183. Such cases are not applicable, however, in an action against a carrier.

The justification for applying the doctrine of *res ipsa loquitur* to a common carrier in case of a tire failure is that the carrier starts with a higher duty of care than is imposed upon an ordinary motorist. Thus an inference of a breach of duty is permissible because a mere casual inspection does not satisfy the high degree of care demanded. *Remer v. Flying Eagle Whiteway Lines,* supra. See cases collected in Annotation, 44 ALR2d 835.

Despite the high degree of care owed by a common carrier, some courts have refused to apply the doctrine of *res ipsa loquitur* to tire failures. In *Cox v. Wilson,* (Ky) 267 SW2d 83, 44 ALR2d 830, the Kentucky court affirmed a directed verdict for the lessors of a private school bus on the ground that the mere proof of a tire failure with nothing more was insufficient evidence of negligence to go to the jury. The court specifically rejected the application of *res ipsa loquitur,* citing cases, however, which involved ordinary motorists laboring under ordinary standards of care.

■ We hold that the common carrier's extraordinary duty to inspect and maintain its equipment in a safe condition may invoke the application of *res ipsa loquitur* in a proper case. The facts of the case at bar entitled the plaintiff to the instruction given. The plaintiff was not, however, entitled to have the evidentiary effect of *res ipsa loquitur* raised from the

permissible to the mandatory level as contended in the assignment of error. We find the instruction free from the error complained of.

■ The plaintiff seeks a reversal of the judgment for other claimed errors which were not made the subject of timely exception in the trial court. Before invoking Rule 46 to grant relief from an "error of law apparent on the face of the record," we must carefully examine the entire record of the trial. As stated in *Sorenson et ux v. Gardner et ux*, 215 Or 255, 334 P2d 471, and in *Hon v. Moore Timber Products, Inc.*, 215 Or 628, 337 P2d 321, the error must be palpable and the exercise of the rule must be necessary in order to avoid a miscarriage of justice.

■ The record in the case at bar discloses that both parties submitted numerous requested instructions. Both had notice of the requested instructions the day before any of them were given. The trial court incorrectly told the jury that the carrier's duty "to furnish safe appliances such as tires is discharged, and its duty is substantially performed by the purchase thereof from a competent and reputable manufacturer * * *." The instruction was an incorrect statement of the law and was contradictory in light of other instructions. Elsewhere in the instructions the jury was correctly advised that the duty of furnishing safe appliances was nondelegable.

It does not follow, from the presence of error, that the plaintiff was prejudiced or that a miscarriage of justice resulted. The instructions as a whole made it clear to the jury that there was a question of fact whether the defendant was negligent and gave the jury a reasonably clear statement of applicable law to follow. Had an exception been taken, the error could

have been corrected at the trial. We decline to invoke Rule 46.

■ Error is also assigned to the giving of a standard instruction on the "basic rule" of speed taken from ORS 483.102 instead of the maximum speed limit which ORS 483.116 (4) applies to motor busses. This is the type of error most easily cured by calling it to the attention of the trial judge. No exception having been taken at the trial, the error will not be noticed here.

Exceptions were timely made to the giving of instructions on sudden emergency and unavoidable accident, each of which should be given with caution. *Nettleton v. James et al,* 212 Or 375, 319 P2d 879; *Frangos v. Edmunds et al,* 179 Or 577, 173 P2d 596. Under all the facts in the case, however, no reversible error was committed in giving the instructions. If the tire failure occurred through no fault of the defendant, then there was a sudden emergency. Likewise, whether or not the accident was avoidable frequently depends upon whether the defendant was negligent. The danger in giving the instruction is that the instructions will contain internal inconsistency. *Nettleton v. James,* supra. In the case at bar the jury was not misled.

There being no merit in any of the assignments of error presented to this court for review, and no ground for reversing the judgment under Rule 46, the challenged judgment is affirmed.