Submitted on briefs January 21, affirmed February 24, 1925.

# JOHN W. RICHARDSON *v.* PORTLAND TRACKLESS CAR CO.

(233 Pac. 540.)

**Carriers—Prima Facie Case of Negligence Held Established by Injured Passenger's Testimony.**

1. In an action for injuries to passenger in motor bus, plaintiff's testimony as to being thrown from bus by an unusual lurch, when door securely latched by him flew open, *held* to constitute *prima facie* case of negligence.

**Carriers—Motor-bus Company must Exercise Highest Degree of Care in Carrying Passenger.**

2. Motor-bus company, as common carrier, must exercise highest degree of care, consistent with practical operation of bus, in carrying passenger safely to destination.

**Carriers—Negligence may be Inferred from Relation Between Carrier and Passenger and Manner of Accident.**

3. While motor-bus company is not insurer against injury, and mere happening of accident does not imply negligence, it may be inferred from relation between it and injured passenger and manner in which accident happened.

**Appeal and Error—Plaintiff's Testimony Assumed True on Appeal from Judgment on Verdict for Him.**

4. On appeal from judgment on verdict for plaintiff, Supreme Court must assume that plaintiff's testimony is true.

**Carriers—Res Ipsa Loquitur Rule Stated.**

5. Proof that cause of accident was under management of defendant carrier or its servants, and that accident was such as does not happen in ordinary course of things in exercise of proper care,

---

1. Liability of carrier to passenger for injuries caused by door of vehicle, see note in 18 **Ann. Cas.** 1163. See, also, 4 **R. C. L.** 1215.

2. See 4 **R. C. L.** 1144.

3. Presumption of negligence from injury of passenger by door of vehicle, see note in **L. R. A.** 1918D, 529.

Presumption of negligence from injury to passenger, see notes in 15 **L. R. A.** 35; 13 **L. R. A.** (N. S.) 601; 29 **L. R. A.** (N. S.) 808; **L. R. A.** 1916C, 364. See, also, 5 **R. C. L.** 74.

5. See 5 **R. C. L.** 76.

affords reasonable evidence for jury, in absence of explanation by defendant that accident arose from want of proper care.

**Appeal and Error—Supreme Court cannot Say, as Matter of Law, That Presumption of Negligence was Overcome.**

6. In view of Constitution, Article VII, Section 3c, Supreme Court cannot say, as matter of law, that presumption of negligence was overcome by evidence.

**Appeal and Error—Court's Remark Held not Prejudicial, as Permitting Inference That Defendant was Insurer of Plaintiff's Safety, in View of Instructions.**

7. In action against motor-bus company for injury to passenger, court's statement, in jury's presence, when passing on motion for nonsuit, that *res ipsa loquitur* rule applied, and that carrier's failure to carry passenger safely would raise presumption of negligence, *held* not prejudicial as permitting inference that defendant was insurer of plaintiff's safety, in view of court's instructions as to such matter.

**Evidence—Testimony as to Whether Aisle Near Door of Bus was Safe Place for Passenger Held Inadmissible as Invading Jury's Province.**

8. Testimony as to whether aisle near door of bus, lurching to one side while going fifteen miles an hour over rough pavement, is safe place for passenger to stand, *held* inadmissible as invading jury's province.

**Appeal and Error—Counsel cannot Complain of Testimony as to Matter Concerning Which He had Previously Asked Witness.**

9. Counsel for defendant motor-bus company could not complain of admission of testimony as to whether aisle near door of rapidly moving bus was safe place for passenger to stand, where he previously asked witness if there was plenty of room for people to stand in bus safely.

**Appeal and Error—Invited Error not Reviewed.**

10. Invited error will not be reviewed.

**Appeal and Error—Jury's Assessment of Damages not Disturbed, Where Supported by Evidence.**

11. Jury's assessment of damages, supported by evidence, cannot be disturbed by Supreme Court, in view of Constitution, Article VII, Section 3c.

---

See (1) 10 **C. J.** 1056.   (2) 10 **C. J.** 858.   (3) 10 **C. J.** 1025. (4) 4 **C. J.** 773.   (5) 10 **C. J.** 1025.   (6) 4 **C. J.** 850.   (7) 4 **C. J.** 956. (8) 22 **C. J.** 511.   (9) 4 **C. J.** 704.   (10) 4 **C. J.** 700.   (11) 4 **C. J.** 869.

From Multnomah: C. U. GANTENBEIN, Judge.

---

6.  See 2 R. C. L. 193.
7.  See 5 R. C. L. 93; 14 R. C. L. 812.
8.  See 5 R. C. L. 30.
10.  See 2 R. C. L. 238.
11.  See 2 R. C. L. 193.

In Banc.

This is an action to recover damages for personal injuries sustained by reason of the alleged negligence of the defendant. The defendant is a corporation engaged in the business of hauling passengers for hire by means of motor busses. Plaintiff alleges that while he was a passenger in one of the defendant's busses he was injured. Defendant is charged with negligence as follows:

"(1) That said defendant carelessly and negligently operated an automobile bus with the doors in such a defective condition that they opened easily.

"(2) That said defendant carelessly and negligently operated said bus with such a number of passengers therein that same was overcrowded, thereby allowing the same to become top-heavy, which caused the body of said bus to weave and wind and move, thereby causing the door of said bus to fly open."

Plaintiff further claims that as a direct and proximate result of the above negligence the door of the bus flew open, causing him to fall to the ground, whereby he sustained certain injuries. Defendant admits that plaintiff was a passenger for hire at the time of the alleged accident, but denies that it was negligent or that plaintiff was injured in the manner as alleged in the complaint. As a further answer, the defendant charges plaintiff with contributory negligence in that when he boarded the bus he failed to close the door securely and took an unsafe position therein by sitting upon the door. It is further alleged that the plaintiff at the time of becoming a passenger knew the bus was crowded and voluntarily assumed all of the risks incident thereto. The jury returned a verdict in favor of the plaintiff in the sum of $11,000, and the defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. J. N. Hart, Mr. H. J. Bigger* and *Mr. J. Harold Hart.*

For respondent there was a brief over the name of *Messrs. Davis & Farrell.*

BELT, J.—Plaintiff in describing the accident said:

"Well, I was walking on the road looking for a ride, and the bus came along there. * * I saw the bus was crowded, but they stopped. * * The door was opened * * and I went in, and there was only standing room in there. There was no place to sit down, and so they went ahead with the car. * * Q. Who closed the door after you got in? A. I did myself. * * Q. Well, did you close it securely at the time? A. Yes, sir, I did. I heard it snap; and another thing, they started out pretty fast, you know, and the car kind of swung, you know, and squeaked a little. I put my hand upon the back of the front seat. * * I noticed a kind of a squeaking, and I looked at the door, and I put my hand on the door again to see whether it was securely closed or not, and it was."

Witness then testified that when the car was traveling about twenty-five miles per hour, and while he was standing in the aisle between the seats, "all at once there was a terrible lurch of some kind, as though it struck a low place or something like that, and I saw the door fly open and out I went, and I suppose that is the last I knew." This evidence, in our opinion, constituted a *prima facie* case of negligence, and therefore no error was committed in denying the motion for nonsuit and directed verdict. The defendant company as a common carrier was obliged to exercise the highest degree of care consistent with

the practical operation of its bus in carrying plaintiff safely to his destination. While the defendant is not an insurer against injury, and the mere happening of an accident does not of itself imply negligence, nevertheless it may be inferred by reason of the relation existing between the parties and the manner in which the accident happened. Assuming, as we must do, that the testimony of the plaintiff is true, this is a case of *res ipsa loquitur*. In *Budd* v. *United Carriage Co.*, 25 Or. 314 (35 Pac. 660, 27 L. R. A. 279), the rule is thus quoted from *Scott* v. *London Docks Co.*, 3 Hurl. & C. 596:

"But when the cause of the accident is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence for the jury in the absence of explanation by the defendant, that the accident arose from the want of proper care."

Can it be said when a passenger by reason of an unusual lurch is thrown against the door of the bus and out into the street it is an accident that might happen in the ordinary course of things? We think not. In view of the status of the parties hereto as carrier and passenger and the manner in which this accident occurred, we are of opinion that a jury might well draw the reasonable inference that it happened as a result of the negligence of defendant. If the door was closed securely, as testified to by plaintiff, and the latch or lock thereof functioned properly; i. e., performed the work for which it was intended, then the door would not have opened under the circumstances as disclosed by the record herein. It is true that much evidence was offered in explanation of the accident and to show that the door was

not in a defective condition, but that did not prevent the jury from drawing the reasonable inference that the latch was defective by reason of the fact that it failed to keep the door shut. *Anderson* v. *Kansas City Railway Company et al.*, 290 Mo. 1 (233 S. W. 203); *Silva* v. *Boston & Maine Railroad*, 204 Mass. 63 (90 N. E. 547); *Kellogg* v. *Boston & Maine Railroad*, 210 Mass. 324 (96 N. E. 525); *Missouri K. & T. Ry. Co. of Texas* v. *Perry et al.* (Tex.), 95 S. W. 42.

Defendant relies on *Goss* v. *Northern Pac. Railway Co.*, 48 Or. 439 (87 Pac. 149), as being contrary to the conclusion herein reached, but when read in the light of the facts then before the court for consideration, it is not controlling here. In that case there was no evidence that the door of the car was fastened back by a catch, but swung freely upon its hinges and did only that which a door might well be expected to do. No appliance failed to function. There was no unusual jerk or movement of the train. Under that state of facts, the court was, indeed, doubtful whether the doctrine of *res ipsa loquitur* applied. Chief Justice BEAN, speaking for the court, concluded by saying:

"But, where there is no proof of negligence, except the mere inference or presumption arising from an accident, and this is overcome by positive, undisputed and unimpeachable testimony, there is no question of the preponderance of evidence, and nothing for the jury to decide."

The rule announced by the learned Chief Justice was undoubtedly a correct statement of the law when made; but, in view of Section 3, Article VII, of the Constitution of Oregon, which now precludes this court from considering the weight of evidence when

passed on by a jury, it can no longer be regarded as such. It is not for us to say as a matter of law that a presumption of negligence has been overcome by evidence, as that is a matter within the exclusive province of the jury to determine. It is noteworthy that our court in *Armstrong* v. *Portland Railway Company,* 52 Or. 437 (97 Pac. 715), cited *Goss* v. *Northern Pac. Railway Co., supra,* as belonging to a class of cases in which negligence may be presumed from the relation of the parties and the manner of the accident: *Christensen* v. *Oregon Short Line R. Co.,* 35 Utah, 137 (99 Pac. 676, 18 Ann. Cas. 1159, 20 L. R. A. (N. S.) 255), cited in support of defendant's contention, may, in our opinion, be easily distinguished. In that case there was no evidence of negligent operation of the train. It was not moving at the time plaintiff sustained injury. The door of the car was not fastened in the usual way by a catch but swung back and forth on its hinges. The court's comment in *Anderson* v. *Kansas City Railway Company, supra,* relative to the cases of *Goss* v. *Northern Pac. Railway Co., supra,* and *Christensen* v. *Oregon Short Line R. Co., supra,* is instructive and is in keeping with our view.

Defendant claims error because the court, in the presence of the jury, when passing on the motion for nonsuit, stated:

"Of course, this is a case involving the carrying of a passenger, and, as I remember, in a case of that kind *res ipsa loquitur* applies, and the contract of the carrier is to carry the passenger safely, and if that is not done, it would raise a presumption of negligence."

The court was directing its remarks to counsel and not to the jury: *State* v. *McDaniel,* 39 Or. 161 (65

Pac. 520); *State* v. *Humphreys,* 43 Or. 44 (70 Pac. 824); Randall's Instructions to Juries, § 32. The only criticism that can be made in reference to this statement as a legal proposition is that an inference might be deduced therefrom that the defendant was an insurer of the plaintiff's safety, but when considered in the light of the court's instructions to the jury relative to that matter, it is not prejudicial.

Over defendant's objection the court permitted witness to answer the following question:

"Supposing a man is standing in the car, in the aisle, near the door, but not against it, and you are running the car a little lively and run into a rough place in the pavement; say you are going at a rate of fifteen miles an hour, and the car lurches to one side; is that a safe place for him to be in?"

This is not a subject for expert testimony, and was a clear invasion of the province of the jury; but counsel for defendant cannot complain in view of the fact that he had previously asked this witness if there was plenty of room for people to stand in the bus and whether they could stand safely. Error when invited will not be reviewed: *Oregon-Washington R. & N. Co.* v. *Spokane P. & S. Ry. Co.,* 83 Or. 528 (163 Pac. 600, 989, Ann. Cas. 1918C, 991).

Complaint is made about certain instructions of the court. After careful examination of the same we find no error and believe them to be in keeping with the law herein announced.

Defendant claims the verdict of the jury is excessive, and for that reason should be set aside, citing in support of this contention *Larsen* v. *Oregon Ry. & Nav. Co.,* 19 Or. 248 (23 Pac. 974), and *Serles* v. *Serles et al.,* 35 Or. 289 (57 Pac. 634); but it must be borne in mind these cases were rendered prior to

the constitutional amendment above mentioned and are not in point.

There was evidence offered to the jury for its consideration that the plaintiff's skull was fractured and punctured and that he was permanently injured. In the light of the record before us we are not justified in disturbing its finding in the matter of assessment of damages.

The judgment of the trial court is affirmed.

AFFIRMED.