Argued July 8; affirmed September 22, 1931

# ELDRED *v.* UNITED AMUSEMENT CO. ET AL.

(2 P. (2d) 1114)

*W. K. Phillips,* of Portland (Sheppard, Phillips & Ralston and R. B. Nason, all of Portland, on the brief), for appellant.

*Leo Levenson* and *Paul R. Harris,* both of Portland (Davis & Harris, of Portland, on the brief), for respondent.

CAMPBELL, J. The accident out of which the present proceedings developed occurred at the Oaks Amusement Park in the city of Portland, Oregon. The Oaks Park is leased and controlled by the United Amusement company.

Among the many amusement devices or concessions operating in the park is that known as the "Merry Mix Up," owned by the United Amusement company and operated by Louis Crillo and E. H. Bollinger. The apparatus of this concession consists of thirty-six individual seats or swings suspended by chains from a central pole which is caused to revolve by an electric motor controlled by an operator sitting in the center. When at rest the seats are suspended about two feet above the ground. There is a short chain, known as a safety chain, one end of which is fastened to one of the suspending chains at the front side of the seat, and when the seat is occupied this safety chain is extended across in front of the occupant and fastened by a snap to the suspending chain on the other side. This safety chain is to prevent the occupant from falling out. When the seats are revolved at full speed they swing out from the center to an angle of approximately forty degrees and are then some eighteen feet from the ground.

On the 21st day of May, 1929, the plaintiff purchased a ticket at the ticket booth of the concession and seated himself in a seat on the swing immediately behind a seat occupied by a young lady. The seat was selected and the safety chain was fastened by the operator, so that when the machine started up this young lady was seated in front of plaintiff in the direction the swing was to revolve. The swing started up and revolved two or three times, whereupon plaintiff, in order to give an additional or waving move-

ment to the girl's swing, having been requested by the operator at the time he was seated to do so, pushed it away from him with his hands. On the next revolution of the swing, he attempted to push the seat in front of him with his feet and while so engaged the safety chain suddenly gave way and he became dislodged from his seat and fell on his face and knees onto the walkway leading past the concession, sustaining injuries for which he seeks recovery. At the time he fell, the seats were approximately eighteen feet from the ground.

On the 30th day of October, 1929, the plaintiff filed his complaint, seeking to recover damages in the sum of $40,000, with special damages in the amount of $340.80, because of the negligence of the defendants, alleged to have been the failure to inspect the chain and apparatus; use of a defective chain holding the plaintiff in the swing; failure to properly fasten the chain; and the failure to warn the plaintiff concerning the chain and the necessity thereof; and that defendants were generally careless and negligent in the manner in which they maintained and operated said swing. Separate answers were filed by the United Amusement company and the defendants, Louis Crillo and E. H. Bollinger, the former being in effect a general denial, and the latter alleging the defenses of assumption of risk and contributory negligence.

The cause was tried to a jury. At the close of plaintiff's case in chief, defendants moved for a nonsuit on the grounds that there was no evidence tending to show any negligence on the part of either of defendants; that the evidence shows that the injury complained of was due to the carelessness of plaintiff. Again at the close of the case, the defendants moved for a directed verdict on the same grounds as the motion for a nonsuit. This motion was also overruled.

The cause was then submitted to the jury who returned a verdict for plaintiff upon which judgment was entered. Defendant United Amusement company appeals.

Assignments of error 1 and 2 are that the court erred in overruling the motion for a nonsuit and for a directed verdict. There was evidence tending to show that at the time of the accident plaintiff was an invitee of defendants. He paid for a ride on a device that at the time was under the exclusive control of defendants and by them operated for a profit. The mere fact that plaintiff occupied a seat during the ride gave him no control over it. In the manner in which he occupied the seat he was simply carrying out the instructions of defendants' operator. The appellant claims that it was only a lessor of the device; that if plaintiff had no control over the device during his ride thereon, then the exclusive control would be in defendants, Crillo and Bollinger, the Merry Mix Up company.

The contract between the United Amusement company and the Merry Mix Up company introduced in evidence as defendants' exhibit number 2 contains certain provisions:

"It is expressly understood and agreed that said * * * structure * * * is not leased to the concessionaire; that the company shall at all times have the right to enter upon * * * any structure thereon for the purpose of inspection, preserving order or carrying out any direction of the company * * *."

It will also be observed that this contract which contains many other provisions and conditions is signed by the United Amusement company by E. H. Bollinger, president, and accepted by the Merry Mix Up company by E. H. Bollinger, with the same witness to both the

signatures. There is no direct evidence of those negligent acts charged in the complaint. Common sense and human experience teaches that if due care had been exercised in regard to the things complained of, in the ordinary course of events, the accident would not have occurred. If the device had been properly inspected; if the chain was not defective; if the chain had been properly fastened; if plaintiff had been warned of the danger; then it is not probable that plaintiff would have fallen from the seat. The "thing speaks for itself" to the effect that, if the plaintiff's story is to be believed, then there was a lack of ordinary care on the part of defendants in one or more of the particulars alleged in the complaint. This was a question for the jury to determine, taking into consideration all the other facts and circumstances of the case: *Gillilan v. Portland Crematorium Ass'n*, 120 Or. 286 (249 P. 627); *Richardson v. Portland Trackless Car Co.*, 113 Or. 544 (233 P. 540); *Philipsen v. Hunt*, 129 Or. 242 (276 P. 255).

█ The appellant contends that plaintiff was guilty of contributory negligence because he shoved or kicked the seat in front of him. If plaintiff's testimony is to be believed, that was part of the ride for which he paid. That is where the Merry Mix Up comes in. That was what he was instructed to do by the operator in charge. One of the reasons for having the safety chain was to enable patrons to indulge in those extra thrills. The plaintiff's testimony is that if the safety chain had not given way, he would not have fallen from the seat. This was a question for the jury and not for the court.

█ There was no error in overruling either the motions for nonsuit, or for a directed verdict.

■ ■ ■ ■ These assignments of error are based upon the court's failure to give certain requested instructions. The court gave instructions that were equivalent to the ones requested and which fully and correctly covered the same subjects.

■ This assignment is based on the refusal of the court to give the following requested instructions:

(a) "I instruct you that the plaintiff has charged the defendant with failure to inspect this swing and chain, but there is no evidence supporting this charge of negligence, and it is therefore withdrawn by the court from your consideration.

(b) "I further instruct you that the plaintiff has charged in his complaint that these defendants failed to properly fasten the chain holding this plaintiff in the swing, and that there has been no evidence produced in this case that the defendants did improperly fasten this chain, and therefore this ground of negligence is withdrawn from your consideration.

(c) "I further instruct you that the plaintiff has charged these defendants with having a defective chain, and that there is no evidence that this chain was defective, and therefore this ground of negligence is withdrawn from your consideration."

If the doctrine of *res ipsa loquitor* did not apply, these requested instructions would have been proper. We have already held that this doctrine was applicable to the facts and circumstances in this case. Therefore, it was a question for the jury to determine from all the evidence and circumstances whether any of those alleged acts of negligence were the proximate cause of the injury. There was no error in the failure to give these requested instructions.

■ ■ ■ This assignment of error is based on the failure of the court to give the following instruction:

"I instruct you that if you find from the evidence in this case that the plaintiff did, for the sake of a

thrill, knowingly and appreciating the dangers in using this concession in the manner that he did use it, if there were any dangers, and that the plaintiff did freely and voluntarily make use thereof, then this plaintiff did assume the risk of using this swing and your verdict must be for the defendants.''

The doctrine of assumption of the risk does not obtain in the state of Oregon except between master and servant: *Dubiver v. City Railway Co.*, 44 Or. 227 (74 P. 915, 75 P. 693, 9 Ann. Cas. 889); *Furbeck v. Gevurtz*, 72 Or. 12 (143 P. 654, 922).

''As the practical equivalent of the term contributory negligence one frequently finds in the cases the expression 'Assumption of the risk.' It is said that one who knows and appreciates the danger assumes the risk thereof.'' 20 R. C. L., 109. (See 18 R. C. L. et seq.)

In the instant case the court had fully covered the subject of contributory negligence.

Finding no error, the judgment is affirmed.

BEAN, C. J., BROWN and BELT, JJ., concur.