Argued September 13, affirmed November 28, 1950

# RITCHIE *v.* THOMAS ET AL.

## 224 P. (2d) 543

*J. Ray Rhoten,* of Salem, argued the cause for appellant. On the brief were Rhoten & Rhoten, and Sam F. Speerstra, of Salem.

*Asa L. Lewelling,* of Salem, argued the cause and filed a brief for respondents Ed Thomas and Sarah Marie Thomas.

*Laing, Gray & Smith, Henry S. Gray,* and *John R. Becker,* all of Portland, on the brief for respondent Portland. Gas & Coke Company.

Before BRAND, Acting Chief Justice, and BAILEY*, HAY, LATOURETTE and WARNER, Justices.

BRAND, Acting Chief Justice.

This is an action for damages on account of injuries to the plaintiff allegedly caused by the escape of gas fumes from heating equipment installed in a motel room owned by the defendants Thomas and rented to the plaintiff for one night. The action was originally brought against the defendants Thomas and against the Portland Gas & Coke Company, hereafter called the Gas Company, but a demurrer to the complaint was sustained as to the Gas Company and the plaintiff refused to plead further. The case against the defendants Thomas, hereafter called the defendants, went to trial before a jury and resulted in a verdict for the defendants. Judgment was accordingly rendered for the defendants on the verdict and judgment of dismissal entered as to the Gas Company. The plaintiff appeals from both judgments. As to the Gas Company, the only question relates to the sufficiency of the complaint. As to the defendants, the only issues raised by assignments of error relate to the giving of certain instructions and the refusal to give others. The complaint alleges ownership by the defendants of the motel, the corporate capacity of the Gas Company, and the rental of a room by defendants to plaintiff. The complaint continues as follows:

---

* Bailey, J., retired November 15, 1950.

## "IV.

"At said time said room was equipped with a gas heater and fixtures and that defendant Portland Gas & Coke Co. furnished to defendants Thomas, gas for said heater and maintained the same and defendants did not properly maintain conduct or keep in repair such equipment and/or gas line.

## "V.

"That during the night of November 20, 1946 or the morning of November 21, 1946, the plaintiff was by gas fumes from said heater or from the pipes leading to the same, asphyxiated and poisoned in his lungs and his left foot was, by reason thereof, severely burned.

## "VI.

"That on account of such asphyxiation, plaintiff was burned and his lungs injured, all to plaintiff's general damage in the sum of $15,000.00."

The defendants admit that they were the owners and operators of the motel and that they rented a room to the plaintiff. The other allegations are denied. As an affirmative defense defendants allege that any illness suffered by plaintiff was caused by his negligence in the following particulars:

"(a) Plaintiff failed and neglected to ventilate said room;

"(b) Plaintiff failed and neglected to provide for a circulation of air in said room;

"(c) Plaintiff failed and neglected to provide for the admission of new oxygen in said room during the night;

"(d) Plaintiff failed and neglected to turn off said floor furnace before retiring;

"(e) Plaintiff failed and neglected to open any windows in said room during the night time to provide ventilation and further restricted

ventilation by plugging the crack under the single door with a bathmat;

"(f) Plaintiff failed and neglected to take ordinary or any care or precaution for his own safety."

The evidence shows that the plaintiff rented from the defendants a room having dimensions about 18x15 feet, on the evening of November 20, 1946. At about 10 o'clock P. M. the plaintiff, Grover Ritchie and his wife and the plaintiff's brother, Jay Ritchie, and his wife Bertha, occupied the premises and immediately retired. Before retiring they turned off the heat which was furnished by a Coleman floor furnace. The plaintiff was awake at 2 A. M. and the room was cold. There is evidence that the bathroom window was open. At about 4 A. M. plaintiff's brother, Jay Ritchie, turned the furnace on. The furnace had a double control by means of an electric switch and also a thermostat which automatically would control the temperature. At about 5 A. M. plaintiff's wife awoke, felt ill, and fainted in the bathroom. The plaintiff went to her aid and also fainted. At about 11 A. M. the defendant Ed Thomas went to the room and found all four occupants in bad condition. Apparently all four had been unconscious. The plaintiff had lain upon the floor with his feet on the floor furnace and had been seriously burned. The first aid squad and a doctor were called. Dr. Fisher stated:

"A. I ran a test on Mr. and Mrs. Jay Ritchie and found it was positive for carbon monoxide. This was after they were admitted to the hospital.

"Q. The same day? A. The same day; within a matter of an hour."

No test was made on the plaintiff. Aside from such inferences or presumptions as may have arisen from

the evidence which shows what happened to the plaintiff and his companions under the circumstances narrated, there is not a scintilla of evidence directly tending to show that there was any defect in any part of the heating equipment at the time in question. There is evidence from which the jury might have concluded that the plaintiff or some member of his party was negligent. That evidence is to the effect that at 11 A. M. the defendant Ed Thomas found the room hot; all windows closed; the thermostat turned to its extreme height, to or above 80 degrees, with a floor rug which appeared to have been close to or against the door, and which was pushed back upon the opening of the door. In behalf of the defendants there was expert testimony that the furnace was in perfect condition, both before and after the injury. The plaintiff bases his theory as to the right of recovery on the doctrine of res ipsa loquitur. In that connection it should be noted that the plaintiff called the defendant Ed Thomas as a witness and that he testified as follows:

"Q. In other words, you were exclusively controlling the motel? A. Yes, that is right * * *.
"Q. No one else had any control out there, except you? A. That is right."

This appears to be uncontested.

By his first assignment it is asserted that the court erred in failing to give the following instruction which was requested by the plaintiff:

"If you find that plaintiff was injured and that such was due to the condition of the equipment and/or gas line and that defendants Thomas had exclusive control of the premises, then there is a presumption that the defendants Thomas are negligent and if there is any explanation of the accident consistent with the freedom from negligence de-

fendants Thomas ought to be able to give that explanation and if they do not give it, a presumption arises against them.''

The exception taken was as follows:

''Plaintiff excepts to the Court's failure to give plaintiff's requested instruction Number 1 on the ground and for the reason that the evidence in this case and the pleadings in this case are such that plaintiff is entitled to the instruction that the presumption would be that the defendants were negligent under the facts of this case and that plaintiff should be entitled to the instruction under the theory of res ipsa loquitur.''

The second assignment is to the effect that the court erred in failing to give plaintiff's requested instruction Number 2 which was as follows:

''If you should find that the plaintiff sustained injury in the manner alleged in the complaint and on account of the alleged condition which existed on the premises at the time the plaintiff occupied the same, then your verdict should be for the plaintiff in such sum as you may assess, unless you find from the evidence that the defendants were not negligent or if they were negligent that their negligence did not proximately cause the accident, in which event your verdict should be for the defendants.''

The exception was taken ''on the same grounds'' as those specified concerning requested instruction Number 1.

By his third assignment the plaintiff asserts that the court erred in giving the following instructions:

''I instruct you that negligence is not presumed, and the fact alone that injuries resulted does not of itself establish that either plaintiff or defendants were negligent.

''Now if you find from a preponderance of the evidence that plaintiff received injury from the gas

fumes from the heater in the cabin rented from defendants or from the pipes leading to the same, and you also further find from a preponderance of the evidence that such injury proximately resulted from the negligence of defendants Thomas in failing to properly maintain, conduct or keep in repair such gas heater or gas line, then you will return your verdict for plaintiff.

"If you do not find from a preponderance of the evidence that defendants Thomas were negligent in failing to properly maintain, conduct or keep in repair said gas heater or gas line, then you will return your verdict for defendants."

The trial court gave the following instructions:

"Negligence as used in this case is the failure to do that which a reasonably prudent person would have done under the circumstances, or the doing of something which an ordinarily prudent person would not have done under the circumstances.

" * * *

"If you find that the gas floor furnace in defendants' cabin #18 was in good working order and was not giving off carbon monoxide fumes immediately prior to the accident here in question, you cannot hold defendants liable for the escape of carbon monoxide fumes from said furnace, if you find that carbon monoxide did so escape, unless you further find that defendants had notice of the escape of carbon monoxide fumes from said furnace and failed to exercise the care of an ordinarily prudent person in repairing said furnace after that notice or unless you find that an ordinarily prudent person would have discovered the defect in said furnace, if any defect in said furnace existed, and have had it repaired.

"The defendants were not insurers of plaintiff's safety while he was on defendants' premises but only owed plaintiff the duty of exercising reasonable care for his safety while he was on the premises. The exceptions taken were as follows:

"There were some unnumbered instructions which the Court gave and which are objectionable to the plaintiff in this case, and therefore I will except to them by referring generally to the instruction.

"First there was an instruction on the negligence of the defendants in this case and what constituted negligence. Plaintiff excepts to that on the ground and for the reason that the case here is brought, and we have asked for the instruction that the defendants should be presumed to be negligent, under the theory of res ipsa loquitur and that, under the evidence and pleadings in this case, the instruction which the Court gave on negligence, to which I have just referred, would not be applicable and would be not a fair statement of the law in this case relative to res ipsa loquitur.

"I also except to the Court's instruction in which the Court said negligence was not to be presumed, upon the same ground, that we claim that under the facts and pleadings in this case there is or should be a presumption of negligence, under the theory of res ipsa loquitur, and that the instruction is not a fair statement of the law and the instruction is contrary to that theory."

There is a general exception on the ground that the instructions given excluded the theory of res ipsa loquitur. Plaintiff also excepted to the giving of defendants' requested instruction Number 1:

"* * * on the ground and for the reason, first, that the instruction reads that the furnace in defendants' cabin was in good working order and not giving off carbon monoxide fumes immediately prior to the accident in question. That should be limited to the time of the accident, and it would not be material as to prior to the accident. Second, that the instruction reads, in part, unless defendants had notice of the escape of carbon monoxide from said furnace, upon the ground and for the reason

that, as a motel operator or innkeeper and under the facts in this case, it would not be necessary under the law that the defendants have notice of the defect, but it was his duty to see that there were no defects."

From the plaintiff's brief we quote:

"There are two questions involved in this proceeding:

"First: Whether the plaintiff on the trial of the cause is entitled to the application of the doctrine of res ipsa loquitur and the attending instructions on that doctrine; and

"Secondly: Whether the amended complaint is good against the demurrer of the Portland Gas & Coke Co."

We agree, and now direct our attention to the first question which may be restated thus: Did the rule of res ipsa loquitur apply, and if so, then did it become the duty of the court to instruct the jury concerning it? The answer depends upon the true nature of the rule. If res ipsa loquitur, when applied, raises a legal presumption of negligence, then the trial court would have a duty to instruct thereon. A presumption is a form of indirect evidence. O. C. L. A., § 2-401. But it is also defined as a deduction which the law expressly directs to be made from particular facts. O. C. L. A., § 2-403. If the law expressly so directs, then the court, in giving the law to the jury, must inform them of the statutory direction.

"A presumption, unless declared by law to be conclusive, may be overcome by other evidence, direct or indirect; but unless so overcome, the jury are bound to find according to the presumption." O. C. L. A., § 2-405.

If no evidence is offered to overcome the presumption, then the court must tell the jury that they are

bound to find according to it. If, as some members of this court thought, there was reasonable ground for dissent from the rule that the court must instruct on legal presumptions, that ground has been removed by the decision of *Wyckoff v. Mutual Life Ins. Co.*, 173 Or. 592, 147 P. 2d 227. In that case the issue was fairly presented; debated at length; and decided in favor of the duty to instruct.

■ On the other hand, if res ipsa loquitur, when applied merely raises an inference of negligence, as distinguished from a legal presumption, the situation would be entirely different, so far as the duty to instruct the jury is concerned.

> "An inference is a deduction which the reason of the jury makes from the facts proved, *without an express direction of law to that effect.*" O. C. L. A., § 2-402.

The Oregon decisions are in hopeless confusion as to whether res ipsa loquitur raises a presumption of law or merely an inference of fact.

In 1863 a barrel of flour fell from a window and struck a pedestrian. Concerning the issue thus raised, Baron Pollock said, "There are certain cases of which it may be said res ipsa loquitur, and this seems one of them." *Byrne v. Boadle*, 2 H. & C. 722, 159 Eng. Rep. 299. The first statement of the rule appears in *Scott v. London and St. Katherine Docks Company*, in 1865. The court said:

> "There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the de-

fendants, that the accident arose from want of care." 3 H. & C. 596, 159 Eng. Rep. 665.

Thus far we find no rule of law, but merely a logical statement, concerning inferences which may be drawn from circumstantial evidence. Soon, however, this simple rule became confused with another which had grown up in actions for damages against common carriers, according to which it was held that when a passenger is injured, a carrier, having contracted to transport him safely, has the burden of proving that it was not at fault. Under that rule a legal presumption of negligence arose from the fact of the injury by carrier. The fusion of these two rules into one is explained in the penetrating discussion of Dean Prosser, "Res Ipsa Loquitur in California", 37 Cal. L. Rev. 183, et seq. Dean Prosser points out that only in one state have the two rules been kept separate. In Missouri "in passenger cases res ipsa loquitur amounts to a presumption, but in other cases to a mere permissible inference. *Gordon v. Muehling Packing Co.* (1931) 328 Mo. 123, 40 S. W. (2d) 693; *Hartnett v. May Department Stores* 231 Mo. App. 1116, 85 S. W. (2d) 644."

In the early case of *Budd v. United Carriage Co.*, 25 Or. 314, 35 P. 660, the plaintiff sued the defendant, a common carrier, for negligence in furnishing an unsafe team improperly hitched to the carriage. The court held there was a presumption of negligence and placed the burden of proof on the defendant to show that the injury was one which the utmost care and foresight could not have prevented.

In *Richardson v. Portland Trackless Car Co.*, 113 Or. 544, 233 P. 540, a passenger sued a common carrier for negligence. Res ipsa loquitur was held to apply, and the court said:

"* * * It is not for us to say as a matter of law that a presumption of negligence has been overcome by evidence, as that is a matter within the exclusive province of the jury to determine. * * *"

In *Coblentz v. Jaloff*, 115 Or. 656, 239 P. 825, the plaintiff, a passenger, sued the defendant, a common carrier, and the rule concerning cases of that kind was brought to its logical conclusion. The trial court instructed the jury that the rule of res ipsa loquitur applied and that it raised a presumption of negligence and that it imposes on the defendant the burden of showing the highest degree of care. On appeal the court made the surprising announcement that the instruction given was a correct statement of the law, but it went on to say that the burden of proof was not shifted to the defendant.

In *Francisco v. Circle Tours Sightseeing Co.*, 125 Or. 80, 265 P. 801, a passenger sued a common carrier. Res ipsa loquitur was held to apply and to raise a presumption of negligence.

We next turn to cases which did not involve the relationship of passenger and carrier.

In *Esberg Cigar Co. v. Portland*, 34 Or. 282, 55 P. 961, the plaintiff sued for damages negligently caused by the bursting of a water main. On appeal the court held that res ipsa loquitur applied. It cited *Scott v. London Docks Co.*, supra, which was decided on the basis of inferences of fact, but then went on to say that the evidence may be of such nature as to raise a presumption of negligence.

In *Boyd v. Portland Electric Co.*, 40 Or. 126, 66 P. 576, plaintiff sued because of injury from a live wire. Res ipsa loquitur was held to be applicable and to raise

a prima facie case of negligence. The trial court instructed that "in cases of this kind the law raises a presumption of negligence * * *." Judgment for the plaintiff was affirmed. In the companion case of *Boyd v. Portland Electric Co.*, 41 Or. 336, 68 P. 810, the trial court instructed the jury on res ipsa loquitur which "raises the presumption, that the defendant was negligent." The instruction apparently adopted the entire doctrine from the cases of passenger and carrier, for the court instructed that where there was no contributory negligence "the burden is shifted to the defendant to show * * * by a preponderance of evidence that it was not at fault". On appeal, the court quoted the following from an "admirable note":

"* * * it is hardly accurate to say that negligence is presumed from the mere fact of the injury, but rather that it may be inferred from the facts and circumstances disclosed, in the absence of evidence showing that it occurred without the fault of the defendant. Such a case comes within the principle of res ipsa loquitur; the facts and circumstances speak for themselves, and, in the absence of explanation or disproof, give rise to the inference of negligence. * * *"

After approving the admirable note, however, the court said that the instructions given were as favorable to the defendant as it could ask.

In *Chaperon v. Portland Electric Co.*, 41 Or. 39, 67 P. 928, the plaintiff sued on account of the negligent maintenance of electric wires. In this case the court invoked the rule of res ipsa loquitur in all of its modern complexity and held that the following elements operated conjunctively in establishing a prima facie case: (1) The defendant's primary responsibility because of the high duty of care required in handling a dangerous

instrumentality; (2) the superior ability of the defendant to ascertain and explain the cause of the fallen wire; (3) the exclusive control and management of the system by the defendant and the likelihood that the condition would not have existed in the ordinary course if due care had been observed. These circumstances, it was said, raised a reasonable inference of negligence that did not shift the original burden of proof. There is no reliance upon the presumption theory.

In *Sharkey v. Portland Gas Co.,* 74 Or. 327, 144 P. 1152, 145 P. 660, the action was by a land owner charging defendant with allowing gas to escape, killing three trees. The court said:

> "In other words, considering the inherently dangerous nature of illuminating gas and the duty of the defendant to control it, an instance of res ipsa loquitur occurs whenever the gas escapes to the injury of persons or property."

No reliance was placed on the presumption theory.

In *Gillilan v. Portland Crematorium Assn.,* 120 Or. 286, 249 P. 627, a marble slab fell causing damage. It was held that the jury was permitted to deduce from the fact that it fell, at least the reasonable inference of negligence. The court quoted with approval from *Sweeney v. Erving,* 228 U. S. 233, 57 L. Ed. 815, the following:

> "* * * res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; * * *"

Unfortunately the court also cited *Coblentz v. Jaloff,* supra, a common carrier case, and referred to the "inference or presumption" of negligence.

In the following cases the view has been taken that res ipsa loquitur raises an inference of negligence as distinguished from a legal presumption: *Eldred v. United Amusement Co.,* 137 Or. 452, 2 P. 2d 1114; *Carlson v. Wheeler-Hallock Co.,* 171 Or. 349, 137 P. 2d 1001; and *Suko v. Northwestern Ice and Cold Storage Co. et al.,* 166 Or. 557, 113 P. 2d 209.

Finally, we reach *Dunning v. Northwestern Electric Co.,* 186 Or. 379, 199 P. 2d 648, 206 P. 2d 1177. In that case it was first held that when a power pole fell across the highway and was struck by the plaintiff's automobile, res ipsa loquitur applied and raised an inference of negligence against the defendant company. On rehearing, judgment for the plaintiff was reversed, and it was held that res ipsa loquitur did not apply. While portions of the discussion of the rule may have been dicta, we think this decision marks the end of the doctrine that res ipsa loquitur raises a legal presumption of negligence. The court said:

> "* * * That rule is merely a process of common sense reasoning. It assists in drawing logical inferences from circumstantial evidence which has been presented in negligence cases. * * * There is nothing artificial about the rule. It favors neither party with any make-weights—as, for instance, presumptions—that were coined in the mints of lawmakers. It gives to circumstantial evidence in negligence cases its real value, nothing more and nothing less. * * *"

The court stated that the inference of negligence is only permissible, it is not mandatory.

■ We shall leave the rule which has been applied in cases between passenger and carrier without present criticism. It may perhaps be reexamined when necessity arises. As to the other cases in which res ipsa loquitur has been applied, we hold, in harmony with the more recent cases, that the rule gives rise to an inference of negligence, permissible, but not mandatory, and that it does not raise any presumption of law. The decisions cited, other than common carrier cases, in which this court has stated, or implied that the rule raises a legal presumption, are to that extent hereby overruled. It follows that the reasons and the statutes which require a trial court to instruct the jury in cases of legal presumption do not require trial courts to instruct on inferences of negligence arising from the rule of res ipsa loquitur. Under statute, the inference of negligence which is raised by applying the rule of res ipsa loquitur is to be deemed a deduction which the reason of the jury makes from the facts proved, without an express direction of law to that effect. O. C. L. A., § 2-402. How then can it be error for the court to refrain from giving the jury an instruction concerning the exercise of their reason upon an issue of fact. Dean Prosser is authority for this statement; that in states, other than California, the majority of the decisions are heavy in favor of the rule that res ipsa loquitur creates a permissible inference only. He succinctly states the majority rule thus:

"The least effect which may be given to res ipsa loquitur is to permit the jury to infer from the plaintiff's case that the defendant has been negligent. Such an inference is enough to satisfy, in the first instance, the plaintiff's burden of introducing evidence from which reasonable men may find in his favor. It is enough to avoid a nonsuit or a dismissal. It is not enough to entitle the plaintiff to

a directed verdict, even though the defendant offers no evidence. It shifts no 'burden' to the defendant, except in the sense that unless he produces evidence he runs the risk that the jury may find against him. The jury may accept the inference, but it is not compulsory, and if they see fit to find for the defendant they are free to do so. In other words, the inference makes enough of a case to get to the jury and no more.'' Res ipsa Loquitur in California, 37 Cal. L. Rev. 183.

The foregoing statement is in harmony with the more recent and better reasoned cases in Oregon, and we adopt it. Since the effect of the rule is merely to take the plaintiff's case to the jury, we see no more reason for requiring the court to comment on this type of circumstantial evidence than upon any other type. Whether it would be reversible error for a trial court to instruct on the inference which arises in this type of case is a matter which need not now be decided.

■ In the foregoing discussion, we have assumed that res ipsa loquitur would apply under the facts disclosed in the plaintiff's case and that therefore a permissible inference of negligence arose requiring submission of the case to the jury. Since the case was submitted to the jury with a resultant verdict for the defendants, it becomes unnecessary to deal with certain problems involving the applicability of res ipsa loquitur, when by reason of the active conduct of the plaintiff, questions are raised as to the exclusiveness of the control of the defendant over the instrumentality causing the injury. If the judgment had gone for the plaintiff, and the defendant were the appellant, those questions might demand attention. We hold that the court did not err in refusing to give plaintiff's requested instruction to the effect that there was a presumption of negligence arising from the facts proven.

The trial court did not err in instructing that negligence is not presumed and that "the fact alone that injuries resulted does not of itself establish that either plaintiff or defendants were negligent." Even under the rule of res ipsa loquitur, the fact of injury alone does not raise an inference of negligence. An inference of negligence may arise only when injury is caused by an instrumentality which is under the control and management of the defendant, and when the accident is such as, in the ordinary course of events does not happen, if those who have the management use ordinary care.

There was direct testimony that the furnace was inspected and was working properly and efficiently three days before the accident. There was also direct evidence that immediately after the accident, and on the same day, the equipment was inspected by a service man employed by the Gas Company. He testified that the furnace was then in good working order and that there was no odor of gas or of the combusted material or by-product. There was no evidence to contradict these witnesses except such as would arise from the application of the rule of res ipsa loquitur. The defendants had a duty to exercise reasonable care and precaution in providing and maintaining the heating equipment in a safe condition and the trial court so instructed. The court also instructed, in substance, that if the equipment was in good working order immediately before the alleged accident, and if the defendants had no notice of any defect permitting the escape of fumes, and if the exercise of reasonable care would not have discovered any defect, then the defendants were not liable. We find no prejudicial error in the instructions given on this phase of the case. *Doherty v.*

*Arcade Hotel,* 170 Or. 374, 134 P. 2d 118; *Sharkey v. Portland Gas Co.,* supra; *Applegate v. Portland Gas & Coke Co.,* 142 Or. 66, 18 P. 2d 211.

 The second and last contention of the plaintiff is that the court erred in sustaining the demurrer of the Portland Gas and Coke Company to the plaintiff's complaint. The complaint alleges that the defendants Thomas were the owners and operators of the motel. The only allegation on which negligence of the Gas Company could conceivably be predicated is to the effect that defendant Gas Company "furnished to defendants Thomas, gas for said heater and maintained the same and *defendants* did not properly maintain conduct or keep in repair such equipment and/or gas line." The allegation does not even clearly indicate whether the word "defendants", which we have italicized, was intended to refer to the two defendants Thomas only, or to the defendants Thomas and the defendant Gas Company. The essential defect of the complaint, however, lies in complete failure to allege any facts establishing a duty on the part of the Gas Company and owing to the plaintiff. Such an allegation was essential. *Kennedy v. Hawkins,* 54 Or. 164, 102 P. 733; *L. B. Menefee Lumber Co. v. MacDonald et al.,* 122 Or. 579, 260 P. 444; *Christopher v. McGuire,* 179 Or. 116, 169 P. 2d 879. *Roy v. Smith,* 134 Cal. App. 240, 25 P. 2d 251 and *Ellis v. Waldron,* 19 R. I. 369, 33 A. 869, cited by plaintiff are not in point. Counsel for the plaintiff rely upon the doctrine of res ipsa loquitur to aid the complaint, but res ipsa loquitur is a rule of evidence and not of pleading. *Cunningham v. Oregon Farmers Institute,* 168 Or. 452, 124 P. 2d 304. That rule cannot be invoked to bolster a complaint otherwise insufficient. The essential defect to which

we have referred is not the failure to specify in detail the defects in the heating apparatus, but is the failure to allege a duty of the Gas Company to the plaintiff. Since the trial court sustained the demurrer of the Gas Company, and since the plaintiff, who might have amended his complaint, refused to do so, we must construe that instrument most strongly against him. *Christopher v. McGuire,* supra. The demurrer was properly sustained. The judgment is affirmed.