Argued January 5, affirmed January 21, petition for
rehearing denied March 10, 1970

NICHOLSON, *Respondent, v.* SISTERS OF
CHARITY, *Defendant,*
THATCHER ET AL, *Appellants.*

463 P. 2d 861

*Thomas H. Moore,* Portland, argued the cause for appellants Thatcher and Wood. With him on the briefs were William H. Morrison and Morrison & Bailey, Portland.

*Frederic D. Canning,* Oregon City, argued the cause for respondent. With him on the brief were Dale Jacobs, and Hibbard, Jacobs, Caldwell & Canning, Oregon City.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, DENECKE and HOLMAN, Justices.

HOLMAN, J.

This was an action against a hospital and two doctors for damages for injuries received as a result of leaving a safety pin in plaintiff's abdomen during the performance of an operation. Subsequent to judgment in favor of plaintiff and against all defendants, the matter was settled insofar as the hospital was concerned. Only the doctors remain parties defendant and they will hereafter be referred to as such.

The evidence does not show how the pin happened to be in plaintiff's abdomen, but it could have been placed there only during the operation while plaintiff was under an anesthetic. The matter was sub-

mitted to the jury pursuant to an instruction on *res ipsa loquitur*.

■ Defendants first contend the court should have directed a verdict in their favor. They argue that they did not have the exclusive control necessary for the application of the doctrine of *res ipsa loquitur*. They claim that the evidence shows it was the duty of the nurses, who assisted in the operation and who were employed by the hospital, to take care of the pins. Be that as it may, the doctors were in complete charge of what occurred to plaintiff's person and, therefore, the principle is applicable. The following language was used by this court in the case of *Mayor v. Dowsett,* 240 Or 196, 400 P2d 234 (1965), in applying the principle of *res ipsa loquitur* to medical malpractice cases against a doctor:

> "* * * The most obvious illustration of the use of the doctrine in medical malpractice cases is, of course, where a foreign object, such as a sponge or a needle, is left in the patient's interior at the time of surgery * * *." 240 Or at 215.

■ Defendants next contend the doctrine does not apply because they fully refuted by their testimony any inference of negligence. The only way such an inference could have been fully refuted was to prove conclusively that the pin was put there in such a manner that the doctors should not have known about it or discovered it in the exercise of reasonable care. *Gow v. Multnomah Hotel, Inc.,* 191 Or 45, 54, 224 P2d 552, 228 P2d 791 (1951). No such showing was made. Plaintiff was entitled to a jury determination.

■ Defendants next contend the court erred in that it did not give defendants' requested instruction to the

effect that defendants were presumed to be free from negligence. Such an instruction is customary in negligence cases and is not inconsistent with the application of the principle of *res ipsa loquitur,* which is only a recognition of the existence of sufficient circumstantial evidence of negligence to entitle plaintiff to go to the jury. *Ritchie v. Thomas,* 190 Or 95, 112, 224 P2d 543 (1950). However, we do not believe that such an instruction is indispensable where, as here, the jury was instructed that plaintiff claimed that defendants were guilty of specific negligence, that plaintiff had the burden of proving such negligence by a preponderance of the evidence, and that, in the absence of such proof, she could not recover. The instruction that plaintiff must prove negligence to be entitled to a recovery is consistent with a presumption that defendants were free from negligence.

Defendants also contend the court erred in instructing the jury that the leaving of the safety pin in plaintiff's abdomen gave rise to an inference of negligence on the part of defendants, rather than instructing them that it was *permissible* for them *to draw* such an inference. There was no exception to the court's instruction sufficient to apprise the court of the claimed error.

Defendants then claim the court erred in not giving two requested instructions. The first one limited defendants' possible responsibility to the specific claim of negligence made in plaintiff's complaint, and the second was to the effect that the doctors had no *respondeat superior* responsibility for the negligence of the nurses in the performance of certain routine functions. Both of these requested instructions were adequately covered in the instructions which the court did give.

■ Defendants next contend the court erred in instructing that it was the duty of defendants to use reasonable care to see that no foreign object was permitted to remain in plaintiff's body. Defendants argue that such an instruction assumes that the doctors placed the pin in plaintiff's body. To state the contention is to demonstrate that it is not well taken.

The judgment of the trial court is affirmed.