NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LINDA CONDELLO, an individual,

Plaintiff-Appellant,

v.

COLUMBIA COUNTY, an Oregon municipality,

Defendant-Appellee.

No. 22-35322

D.C. No. 3:19-cv-01985-SI

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted April 17, 2023
Portland, Oregon

Before: RAWLINSON, BEA, and SUNG, Circuit Judges.

Linda Condello ("Plaintiff") appeals the denial of a motion for new trial after

the jury rendered a defense verdict for Columbia County ("Defendant"). The jury

found that Defendant was not negligent in its maintenance of the courthouse chair

in which Plaintiff sat, and which broke under her. We have jurisdiction under 28

U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The parties are familiar with the facts of the case, so we do not recite them here. A district court's denial of a motion for new trial is reviewed for an abuse of discretion. *Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 886 (9th Cir. 2002). Under that standard, we first assess "whether the trial court identified and applied the correct legal rule to the relief requested" and then "whether the trial court's resolution of the motion resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262, 1263 (9th Cir. 2009) (en banc).

The district court applied the correct legal rule. Under Oregon law, *res ipsa loquitur* "specifies certain facts or circumstances which, when found in combination, raise *an inference of negligence*." *Gow v. Multnomah Hotel*, 224 P.2d 552, 555 (Or. 1950) (emphasis added) (citing *Ritchie v. Thomas*, 224 P.2d 543 (Or. 1950)). Namely, the tort doctrine creates

> ***an inference [that] is enough to satisfy, in the first instance, the plaintiff's burden of introducing evidence from which reasonable men may find in his favor***. It is enough to avoid a nonsuit or a dismissal. ***It is not enough to entitle the plaintiff to a directed verdict, even though the defendant offers no evidence***. It shifts no 'burden' to the defendant, except in the sense that unless he produces evidence he runs the risk that the jury may find against him. The jury may accept the inference, but it is not compulsory, and if they see fit to find for the defendant they are free to do so. In other words, the inference makes enough of a case to get to the jury and no more.

*Ritchie*, 224 P.2d at 550 (emphasis added) (internal quotation marks omitted) (quoting William L. Prosser, Res Ipsa Loquitur *in California*, 37 Cal. L. Rev. 183,

2

217 (1949)).  This is precisely the rule of decision the district court applied.

Even were we to assume the district court misunderstood Oregon law[1] and that defendants must present evidence to defeat a tort plaintiff's *prima facie* case based on the doctrine of *res ipsa loquitur*, the error would be harmless because Defendant did present exculpatory evidence.  Without objection or a motion to strike from Plaintiff, Defendant called two witnesses in its defense.  Those witnesses detailed the visual inspections of the facilities and furniture that the maintenance crew conducted every morning.  The facilities manager testified that the courthouse staff conduct more thorough, quarterly safety inspections.  And the jury heard unchallenged testimony that no previous incidents involving broken chairs or loose screws or fasteners at the courthouse were ever reported to the courthouse staff.  That evidence admitted at trial strongly supports the jury's verdict: that the accident that befell Plaintiff was unusual and that Defendant had otherwise taken reasonable care to maintain its furniture.  The district court did not abuse its discretion when it denied Plaintiff's motion for new trial; it found that the weight of the evidence supported the jury's verdict that Defendant was not negligent, because the court relied on reasonable inferences drawn from the evidence admitted at trial.  *Hinkson*, 585 F.3d at 1263.

**AFFIRMED.**

---

[1] It did not.  See the above citation and language from *Gow* and *Ritchie*.